## (June 13, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM HILL, Appellant.— Appeal from a judgment of the County Court of Ulster County, rendered April 11, 1973, upon a verdict convicting defendant of the crimes of intentional murder and felony murder, in violation of subdivisions 1 and 3 of section 125.25 of the Penal Law. It is the contention of defendant that certain items admitted in evidence against him were obtained from an illegally seized automobile and that a remand for a further hearing is required on the question of whether the seizure of that automobile rendered invalid its

subsequent search pursuant to a concededly valid warrant. He further contends that his oral confession should have been suppressed as the direct result of an earlier coerced statement made to the police by his half brother, Robert Hedrick, who testified as a prosecution witness. Addressing ourselves first to the validity of defendant's confession, it is clear that the information obtained from Hedrick emanated from an inculpatory statement made voluntarily by defendant immediately after the commission of the crime. Hedrick's status was that of a private person giving information to the police. There is no suggestion in this record that he was considered a codefendant or an accomplice in the murder. His statement was not self-incriminating and, therefore, there was no constitutional infirmity present to "infect" any confession thereafter obtained from defendant. More significant, however, is the fact that defendant lacks standing to assert the alleged violation of another person's constitutional rights. Such a result would obtain even if Hedrick had been a codefendant (*Jacobs* v. *Warden, Md. Penitentiary,* 367 F. 2d 321; *People* v. *Pounds,* 35 A D 2d 969; cf. *Couch* v. *United States,* 409 U. S. 322). In order to resolve the question of the seized automobile, reference to some pertinent facts is necessary. The murder was discovered on August 16, 1972. Investigation disclosed that an "old blue" car had been seen parked along the road near the victim's home the night before; that a battery had been stolen from a car parked next door; and that an unidentified man had stopped at a neighbor's home that evening to use a telephone because his car had broken down and he had called asking to speak to a "Lois or Louis." The recipient of this call was quickly identified by State Police investigation as Lois Hill, defendant's sister-in-law. When interviewed, she admitted he had called her the evening of August 15 stating that his car had broken down and that he needed help. Her husband, Charles Hill, the defendant's brother, stated that when he learned the State Police were looking for a "blue Valiant" automobile which had been observed near the scene of the crime, he contacted defendant and asked him if he was involved in the murder. Although defendant admitted to him that he had stolen a car battery, he denied any part in the murder. Further questioning of Charles Hill revealed that defendant's automobile, a "blue Valiant," was in a parking lot near his parent's residence. This vehicle, conclusively identified as property of defendant, was then placed under police surveillance. In the early evening of August 17, 1972, Robert Hedrick was taken into custody for interrogation, since it was learned that he had been in the company of defendant the night of the murder. Although at first he denied being near the scene of the crime, persistent questioning resulted in a detailed statement of his activities on the evening of August 15, 1972, which included an admission to him by defendant that he had beaten and choked a woman in her home, and had stolen money and a car battery during the period of time he was absent from his car. Hedrick also disclosed that when defendant returned to the car he had observed blood on his hands. Armed with this information, defendant's car was towed to the State Police Substation and a valid search warrant was obtained. Within the vehicle, police found a pair of white woolen gloves, identified as property of the victim, along with other incriminating evidence which was ultimately presented to the jury. Under such circumstances, the seizure of the automobile was proper and, in fact, its search could have commenced immediately without a warrant (*Chambers* v. *Maroney,* 399 U. S. 42; *People* v. *Brown,* 28 N Y 2d 282). The conduct of the police certainly met the required degree of reasonableness and, as a result, defendant's constitutional rights were fully protected initially as well as throughout all stages of these proceedings. Judgment affirmed. Herlihy, P. J., Greenblott, Cooke, Kane and Reynolds, JJ., concur.