■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY LEE SIMMS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered November 9, 1976, convicting defendant of the crime of rape in the first degree. Defendant was tried and convicted of the crime of rape in the first degree. As a second felony offender, he was sentenced to a minimum term of 12½ years and a maximum of 25 years. This appeal ensued and defendant raises several issues, some of which require comment by us. Defendant contends it was reversible error for the court to deny suppression of certain testimony of the victim identifying defendant as the person who committed the crime. The record reveals that the victim, after indicating that the name of the second assailant was Benny, identified defendant from an examination of some 10 photographs which contained the individual's name on the back. The record further reveals that the victim looked at the back of some of the photographs. While we are of the view that this photographic display was impermissibly suggestive, examination of the record demonstrates that the victim had adequate opportunity to observe her assailant during the commission of the crime and she testified that she knew the defendant prior to the commission thereof. Consequently, in our opinion, the People established by clear and convincing evidence that the in-court identification was based upon independent observation untainted by the pretrial photo array and, therefore, was admissible *(People v Ballott,* 20 NY2d 600). Defendant's second contention, that the court erred in failing to charge sexual misconduct as a lesser included offense, also lacks

merit. A reading of section 130.35, subdivision 1 of section 130.20 and subdivision 2 of section 130.05 of the Penal Law discloses that the crimes of rape in the first degree and sexual misconduct contain the identical elements and it would thus appear that defendant was entitled to the requested charge (CPL 1.20, subd 37). Despite this seemingly correct technical analysis, sexual misconduct involving forcible compulsion, in our view, is not a lesser included offense of rape in the first degree since an acquittal of the rape charge would also, as a matter of law, be an acquittal of the sexual misconduct charge (People v McEaddy, 30 NY2d 519; People v Wells, 48 AD2d 934). Consequently, the court on this record properly refused to charge sexual misconduct. Under the instant circumstances the prosecution had the discretion to determine under which statute defendant would be prosecuted (see People v Vicaretti, 54 AD2d 236, 239-240). We have examined all of the other contentions advanced by defendant and find them unpersuasive. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.