■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MILLER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered November 30, 1978, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and criminal possession of stolen property in the second degree. Following a jury trial, defendant was convicted of grand larceny in the third degree and criminal possession of stolen property in the second degree. He was sentenced to two concurrent indeterminate terms of imprisonment, having a maximum of four years and a minimum of two years, to run consecutively with any prior sentences then outstanding. Initially, it is argued that a showup identification of defendant at the police station by a witness tainted that witness' in-court identification of defendant, and, therefore, the in-court identification should have been suppressed. Upon examination of the record, we find, contrary to defendant's contention, that the People proved by clear and convincing evidence that the in-court identification had an independent source based upon the witness' observations during commission of the crime and was not tainted by the showup identification of defendant at the police station. Consequently, the in-court identification was admissible (People v Ballott, 20 NY2d 600; People v Simms, 58 AD2d 720). Defendant also maintains that statements made by a codefendant in violation of that codefendant's constitutional rights were improperly admitted into evidence at his trial. The defendant, however, lacks standing to assert the alleged violation of another's constitutional rights (see People v Hill, 45 AD2d 774; People v Cardaio, 30 AD2d 843, affd 24 NY2d 988). We also reject defendant's contention that the judgment must be reversed on the grounds that the trial court improperly received into evidence incriminating statements of his codefendant, who did not testify, in violation of his right of cross-examination secured by the confrontation clause of the Sixth Amendment. In our view, the other evidence of defendant's guilt is overwhelming and there is no reasonable possibility that admission of the statements in question contributed to defendant's conviction. Accordingly, any error in the admission of the statements must be characterized as harmless (People v Crimmins, 36 NY2d 230; People v Baker, 26 NY2d 169). Concerning the imposition of sentence, this court will not interfere with the discretion of the sentencing court absent extraordinary circumstances (People v Jordan, 59 AD2d 626). We find no such circumstances in the present case and, therefore, the sentence should not be disturbed. Defendant's remaining arguments have been considered and are unpersuasive. The judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.