■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. MOTT, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered April 4, 1979, convicting him of sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the judgment is based have been considered and are determined to have been established. The defendant was charged, by indictment, with two counts of sexual abuse in the first degree, by forcible compulsion, and one count of criminal possession of a weapon in the fourth degree. The charges arose from an incident which occurred on the night of May 28, 1977. The two alleged victims, girls aged 14 and 15 at the time, had been hitchhiking on Route 25 in Selden, New York, and were picked up by the defendant who was driving an automobile. According to the victims' trial testimony, each of the girls was subjected to sexual contact by the defendant, in his automobile, after he had threatened them with a knife. The defendant, who took the stand in his own defense, admitted to having fondled the breasts of one of the girls, but denied having threatened either of the victims. After the summations had been completed, the Trial Judge instructed the jury as to the elements of the offenses charged in the indictment, and on the lesser included offense of sexual abuse in the third degree. During the charge on sexual abuse in the first degree, the court explained the element of lack of consent by reading to the jury subdivisions 2 and 3 of section 130.05 of the Penal Law. The statutory language read included references to the age of consent, and the terms "mentally defective", "mentally incapacitated", and "physically helpless", which had no bearing on the offenses charged in the indictment. Thereafter, the court charged on sexual abuse in the third degree, reading the statutory definition of that offense and instructing the jurors to "apply the definitions which I have previously given * * * and then arrive at a decision of either guilty or not guilty". After the main charge was completed, the court, at the defendant's request, gave an additional charge, instructing the jury that a finding of forcible compulsion was not required for conviction of sexual abuse in the third degree. On two occasions during its deliberations, the jury inquired about the elements of the sexual abuse offenses. In one instance, the jury asked whether the defendant "needed to know the ages of the girls". At this point, defense counsel requested that the jury be recharged on the elements of sexual abuse in the first degree, but the request was denied. Subsequently, the jury requested that the definitions of sexual abuse in the first and third degrees be reread. Thereafter, the jury returned a verdict of guilty on the charge of criminal possession of a weapon in the fourth degree and one count of sexual abuse in the first degree. The trial court's instructions on the elements of sexual abuse in the first degree and sexual abuse in

the third degree were unnecessarily confusing. The charge on sexual abuse in the first degree should have made clear that conviction required a finding that the victim's lack of consent resulted from forcible compulsion (see 2 CJI [NY] PL 130.65 [1]). No reference should have been made to factors which could, in other cases, but not in the case at bar, result in lack of consent. The charge on sexual abuse in the third degree should not have been submitted to the jury at all. Sexual abuse in the third degree (Penal Law, § 130.55) may arise in any one of three ways (depending upon how the lack of consent resulted [see Penal Law, § 130.05]), none of which, on the instant record, was properly chargeable as a lesser included offense. Sexual abuse in the third degree by incapacity to consent (by reason of age, etc.) is not a lesser included offense of sexual abuse in the first degree by forcible compulsion, since it requires proof of an element which need not be proved in a prosecution for the higher offense *(People v Whitfield,* 49 AD2d 691). Sexual abuse in the third degree by forcible compulsion, while technically a lesser included offense of sexual abuse in the first degree, as charged in the indictment, should not have been submitted to the jury, since the greater and lesser offenses contain identical elements, and an acquittal on the greater charge would require, as a matter of law, acquittal on the lesser (see *People v Simms,* 58 AD2d 720). The remaining type of sexual abuse in the third degree (sexual abuse under circumstances in which the victim does not expressly or impliedly acquiesce in the actor's conduct), should not have been charged since there was no reasonable view of the evidence which would support a finding that the defendant committed that offense, but not the offense charged in the indictment. The court's errors in its charge as to the offenses of sexual abuse in the first and third degrees were exacerbated when, after it became apparent that the jury was confused about the elements of those crimes, it refused the defendant's request for a clarifying charge. Other errors committed by the Trial Judge during his charge include his failure to "explain the application of the law to the facts" (see CPL 300.10, subd 2), and his inadequate charge on the effect of intoxication, which consisted of a verbatim reading of section 15.25 of the Penal Law. We conclude that reversal is required solely because of the errors made in the course of the jury charge. There is no merit to the defendant's contentions concerning the sufficiency of the indictment and the trial evidence, the refusal of the trial court to accept a negotiated plea of guilty, and the denial of the defendant's motions to suppress evidence. In view of our disposition of the appeal, we find it unnecessary to consider the remaining contentions advanced by the defendant. Damiani, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.