THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
FAY E. WESTFALL, JR., Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LAWRENCE WESTFALL, Appellant.

Third Department, October 27, 1983

582

### APPEARANCES OF COUNSEL

*Nelson E. Roth* (*Steven D. Clymer* and *Rebecca S. Ringer* of counsel), for Fay E. Westfall, Jr., appellant.

*Ralph W. Nash* for Lawrence Westfall, appellant.

*Benjamin J. Bucko, District Attorney* (*William A. Lange, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

Defendants were convicted of crimes that occurred on March 22, 1981 shortly after 11:30 P.M. in the trailer home of the complainant, an employee and girlfriend of defendants' father, the owner of the trailer. Defendants claimed they had gone there to obtain a tool box which was needed for their employment. Defendant Fay Westfall admitted having attempted sexual intercourse with the complainant after leading her to her bedroom that night, but claimed it was consensual. However, he stated that he was unable to complete the act because he had been drinking. Defendant Lawrence Westfall denied any involvement in any sexual activity and denied observing any of his brother's conduct, admitting only that he carried the tool box to the car.

On the other hand, the victim, whose version of the events was obviously believed by the jury, testified to admitting defendants to the trailer because she had previously known them; to having served them beer; to having been forced into the bedroom; to having had her clothing forcibly removed; to having been threatened and prodded with a knife; to having her legs held by defendant Lawrence Westfall, who was not only present, but was armed at the time with a length of television antenna wire, while defendant Fay Westfall forced her into sexual intercourse about three times; to having been slapped by Fay Westfall when she refused to perform fellatio; and to having had a vibrator inserted into her vagina by Lawrence Westfall.

On this appeal, defendants advance several reasons for reversal of their convictions, the most important of which is the interpretation and application of CPL 60.42, which pertinently provides:

"Evidence of a victim's sexual conduct shall not be admissible in a prosecution for an offense or an attempt to commit an offense defined in article one hundred thirty of the Penal Law unless such evidence:

"1. proves or tends to prove specific instances of the victim's prior sexual conduct with the accused".

This enactment reflects a legislative decision to end the introduction into evidence of prior sexual conduct of the victim unless it falls within the statutory exceptions, since such evidence was seldom relevant to the issue of consent and credibility and served "only to harass the alleged victim and confuse the jurors" (memorandum of Assemblyman Fink, NY Legis Ann, 1975, p 48).

■ Defendants claim that the exclusion of evidence offered by them that attempted to show prior sexual acts between the victim and defendant Lawrence Westfall and the victim and defendants' father was reversible error because such evidence had a possible bearing on the credibility of the victim on whose testimony their convictions almost entirely depended. Defendants interpret the statutory exception to mandate the admission into evidence of the prior sexual conduct between defendant Lawrence Westfall and the victim. The hearing held pursuant to CPL 60.42 revealed that this conduct consisted of prior sexual intercourse between defendant Lawrence Westfall and the victim in November, 1979. The trial court ruled it inadmissible. We do not construe the statutory exception to mandate the introduction of such testimony and we do not believe that the threshold test of relevancy of such testimony should be disregarded. The exceptions of CPL 60.42 (subds 1-5) may thus be viewed as denominating instances "when such evidence may, by ruling of the trial judge, become admissible" (Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 60.42, p 565). We so conclude because the relevance of the victim's previous sexual conduct with the accused will generally bear on the issue of consent (see Ordover, Admissibility of

Patterns of Similar Sexual Conduct: The Unlamented Death of Character for Chastity, 63 Cornell L Rev 90, 117).

However, the consent of the victim is not an issue in this case in regard to defendant Lawrence Westfall since he denied any sexual conduct or other participation in the crimes, and defendant Fay Westfall denied any previous sexual relations with the complainant-victim (see *State v Williams,* 128 Ariz 453). It is obvious that evidence of the prior sexual relations of the victim with one of the defendants is not relevant on the issue of whether sexual relations with the codefendant were consensual. Therefore, if this were the only asserted relevance of the prior sexual conduct between the victim and Lawrence Westfall, no confrontation or compulsory process rights would be involved, as there is no constitutional right to introduce irrelevant and inflammatory evidence (*People v Mandel,* 61 AD2d 563, 566, revd on other grounds 48 NY2d 952, app dsmd 446 US 949, reh den 448 US 908).

Defendants further maintain, however, that the evidence is relevant other than on the issue of consent. They contend that the exclusion of such testimony by the trial court added undue significance to the prosecutor's remark in summation that defendants' account of the events was implausible because "they ask you to believe that at 11:30 P.M. on a Sunday night they made an unannounced visit to the home of a single woman with whom they were only passingly acquainted", and that even though this remark was not properly challenged by the defense, it scores the relevance of the relationship. We do not agree and conclude that by such remark defendants were not deprived of a fair trial. Nor should their convictions be reversed in the interests of justice, which is the test where no appropriate objection was taken to the remark when made (see CPL 470.15, subd 6, par [a]).

We further conclude that the refusal of the trial court to permit the victim to be cross-examined by the defense concerning her sexual relationship with defendants' father was not erroneous. Such testimony is not admissible under CPL 60.42 (subd 1) since the father was not an accused. The only possible exception in the statute that would permit its introduction is subdivision 5, which allows such

evidence when it "is determined by the court after an offer of proof * * * to be relevant and admissible in the interests of justice". Although the fact that the victim was the girlfriend of defendants' father presents a unique factual pattern, it can hardly be said that this fact compelled the cross-examination of the victim as to her sexual relationship with the father in the interests of justice. It is not logically inferable, except in a speculative and highly conjectural manner, that the victim would lie about her consent to defendants' advances in order to preserve her relationship with the father. In any event, the exclusion of such testimony through the victim can hardly be said to have violated defendants' right of cross-examination in the interests of justice. It is noted that the father was required on his cross-examination to testify to such relationship so that the jury knew of its existence and could weigh it against all the evidence in the case and give it whatever weight the jury believed it deserved. The introduction of such evidence in this manner rendered harmless any error the trial court may have committed in excluding it.

■ Defendants further complain that all of the medical and psychiatric records of the parties were excluded by the trial court after an *in camera* inspection. We find no abuse of discretion in that ruling. The medical record pertains to the victim and involved an incident in 1976 wherein she intentionally injured herself. The defense claims that this injury arose because of the victim's relationship with defendants' father and her disappointment over his remarriage to another woman. Any such evidence would merely be cumulative to the evidence of that relationship that was allowed and so remotely related to the real issues herein as to fail to constitute an abuse of the trial court's discretion in excluding it. As to the psychiatric records, their admission for impeachment purposes has generally been allowed to permit the jury to properly evaluate the testimony of such a witness (*People v Rensing,* 14 NY2d 210). An examination of the records in this case indicates that the trial court did not abuse its discretion since all such records were remote and did not disclose an ongoing mental problem (cf. *People v Lowe,* 96 Misc 2d 33, 37).

We have considered defendants' claim of prosecutorial misconduct in the introduction of defendants' statements

in violation of their constitutional and other rights and find that it is without merit. Most of the alleged instances of such conduct have not been preserved for review (CPL 470.05; see *People v Williams,* 46 NY2d 1070) and none, in our judgment, deprived defendants of a fair trial. We have also considered the claimed improper statements of the prosecution in summation and find them inconsequential. We further find that defendants were not denied the effective assistance of counsel.

Finally, the proof was legally sufficient to sustain the convictions and, in view of the crimes of which defendants were convicted, the sentences can hardly be considered unduly harsh or excessive (see *People v Dittmar,* 41 AD2d 788). The judgments of conviction should, therefore, be affirmed.

KANE, J. P., MAIN, MIKOLL and YESAWICH, JR., JJ., concur.

Judgments affirmed.