■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY KRANITZ, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Cornelius, J.), rendered December 15, 1983, convicting him of sodomy in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed and matter remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5).

The facts upon which the judgment of conviction is based have been considered and determined to have been established. "The resolution of questions relating to the credibility of witnesses is properly a function of the jury and said determination may not be overturned lightly on appeal" (*People v Rodriguez*, 72 AD2d 571). We find no cause to disturb the jury verdict.

The facts adduced at trial were as follows: After her car became disabled on the Meadowbrook Parkway, the complainant was walking towards the parkway telephones when defendant stopped and offered to drop her off. After the complainant entered defendant's car, he locked the doors and refused to let her out at the requested exit. He drove for approximately 10 minutes while the complainant pleaded with him to let her out. He then pulled onto a shoulder of the parkway, reached across and held the 100-pound complainant by the back of her neck and pulled her head down and forced her to sodomize him. The complainant's efforts to resist the approximately 6-foot, 250-pound defendant were futile.

On this appeal, defendant asserts, *inter alia,* that the People failed to establish the forcible compulsion element of sodomy in the first degree (Penal Law, § 130.50, subd 1). In light of recent amendments to the definition of forcible compulsion, we find that defendant's argument lacks merit (see Penal Law, § 130.00, subd 8, as amd by L 1982, ch 560, and L 1983, ch 449).

Prior to 1982, forcible compulsion was defined, *inter alia,* as "physical force which is capable of overcoming earnest resistance" (Penal Law, § 130.00, subd 8, as amd by L 1977, ch 692). The deletion of the requirement of earnest resistance in 1982 (see L 1982, ch 560) left only a requirement of physical force. Defendant's conduct not only falls within this lesser requirement, but the amount of force used would have sufficed under the old statute (see *People v Randall,* 86 AD2d 918, 919). Accordingly, the People have met their burden of proof.

Defendant has not preserved for review an additional argument that the court erred in its charge on forcible compulsion (CPL 470.05, subd 2). We decline to exercise our interest of justice jurisdiction in this regard (CPL 470.15, subd 6, par [a]).

We have considered defendant's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.