■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LAUNDRY, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered December 11, 1984, upon a verdict convicting defendant of the crime of sodomy in the first degree.

On September 10, 1984, defendant was charged in a single-count indictment with sodomy in the first degree. At trial, the victim testified that on the afternoon of August 20, 1984, she, defendant and three companions entered a cemetery in the City of Plattsburgh to drink a case of beer. After finishing the beer, the group parted, with defendant and the victim leaving together. En route, while the two discussed the victim's relationship with defendant's cousin, David Obert, defendant began to make advances on his own behalf. He tried to kiss the victim and, when she resisted, he pushed her to the ground, got on top of her, removed her pants, turned her over and placed his penis into her anus. He then threatened to beat her up if she told anyone. During the incident, defendant stepped on the victim's fingers and slapped her buttocks. When the two reached Obert's house where the victim was living, she eventually informed members of the Obert family of the incident and was taken to the hospital for examination. The

attending physician testified that the victim had bruises on her fingers and on her upper thigh. Her pelvic examination was normal. Defendant admitted that he was with the victim but denied any sexual contact or other wrongdoing. The three companions also testified for the defense, stating they saw the victim leaving the cemetery with defendant but heard no commotion. The jury found defendant guilty as charged and he was sentenced to a prison term of 3½ to 10½ years. This appeal ensued.

Defendant maintains that the trial evidence was insufficient to support the verdict due to the People's failure to show forcible compulsion and the victim's lack of credibility. We disagree. Viewed in a light most favorable to the People *(see, People v Lewis,* 64 NY2d 1111, 1112; *People v Contes,* 60 NY2d 620, 621), the victim's description of the episode, coupled with the physician's confirmation of her injuries, demonstrate the requisite physical force *(see,* Penal Law § 130.00 [8]; § 130.50 [1]; *People v Kranitz,* 104 AD2d 956). Moreover, the question of whether the victim's testimony was logical or credible was for the jury to resolve *(People v Cruickshank,* 105 AD2d 325, *affd* 67 NY2d 625; *People v Troy,* 119 AD2d 880). In our view, the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

Defendant further maintains that County Court erred in excluding the cross-examination of the victim as to her prior sexual relationship with her boyfriend Obert. Ostensibly, this testimony was necessary to show that Obert disbelieved the victim's story concerning the sodomy and to show that she fabricated the episode to gain Obert's sympathy. Evidence of a victim's prior sexual experience is inadmissible in a sodomy prosecution except, *inter alia,* where so relevant as to warrant admission in the interest of justice *(see,* CPL 60.42 [5]). Although the fact that Obert was defendant's cousin and lived next door to defendant presents a rather unique situation, County Court did not abuse its discretion in excluding the proffered testimony, since the underlying thesis that the victim lied about the episode to preserve her relationship with Obert was clearly speculative *(see, People v Westfall,* 95 AD2d 581, 585). In any event, sufficient evidence of the victim's relationship with Obert, who parenthetically testified that he never told the victim that he disbelieved her story, was presented to render harmless any error in the limitation of the victim's cross-examination *(see, id.).*

We have examined defendant's remaining contentions and find them unavailing. County Court's *Sandoval* ruling, autho-

rizing inquiry into separate incidents of disorderly conduct and sexual abuse underlying a youthful offender conviction, was within its discretion (see, People v Bennette, 56 NY2d 142, 146; People v Smith, 103 AD2d 859; People v Dodt, 92 AD2d 1063, revd on other grounds 61 NY2d 408, 418). In addition, no undue prejudice is evident from the nature of the sexual abuse inquiry, which simply went as follows: Q. "Did you engage in sexual misconduct with a female who did not consent to the act in the summer of 1982?" A. "No." Defendant's claim of prosecutorial misconduct is completely illusory. Finally, County Court properly refused to charge sexual misconduct as a lesser included offense, since an acquittal on the sodomy charge would, as a matter of law, be an acquittal on a sexual misconduct charge (see, People v Simms, 58 AD2d 720, 721).

Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.