■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP MITCHELL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the third degree as a result of his having been discovered in a Buffalo department store after it had closed. Defendant testified that he had remained innocently in the store because he had suffered an epileptic seizure in a men's room, but the People's evidence showed that defendant was found hiding in a storage room in possession of items taken from the desk of a store employee. The verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). We have examined defendant's other contention, and we find it to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—robbery, third degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BALKUM, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The prosecutor impermissibly implied, during his cross-examination of defendant and on summation, that defendant's drug addiction and poverty indicated a propensity to commit the crime charged *(see, People v Wright,* 41 NY2d 172; *People v Torres,* 119 AD2d 508, 509-511; *People v Hicks,* 102 AD2d 173, 182-183). This error was exacerbated by the court's refusal to charge that defendant's drug addiction was not to be considered as evidence of his propensity to commit the crime charged *(see, People v Ciervo,* 123 AD2d 393, 396; *see also, People v Allweiss,* 48 NY2d 40, 46). It was error for the court to offer to charge the jury in this regard only if defendant agreed to an additional charge that such evidence could be considered by the jury to prove motive. Defendant should not be placed in a position where he has to bargain for his right to a proper charge. Additionally, the trial court erred in permitting the service of a late notice of identification testimony and admitting this testimony. The People's excuse that the notice was late because of a typographical error is merely law office failure, and does not constitute "good cause shown" (CPL 710.30 [2]; *People v O'Doherty,* 70 NY2d 479, 485-487; *People v Briggs,* 38 NY2d 319, 324). (Appeal from judgment of Monroe County Court, Connell, J.—burglary, third degree.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.