■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. GAGNON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered March 2, 1988, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree.

The instant charges were prompted when an 11-year-old girl told school authorities that she believed she was pregnant as the result of sexual acts perpetrated by defendant, her mother's live-in boyfriend. Following an investigation, defendant was indicted on September 10, 1987 and charged with offenses involving a female less than 11 years of age consisting of sexual abuse in the first degree, rape in the first degree and sodomy in the first degree (all during the week of April 20, 1986). He was also charged with sodomy in the second degree based on a March 1987 incident. A trial jury convicted defendant on the first three counts and acquitted him on the fourth count. He was sentenced to concurrent prison terms of 3 to 9 years for rape in the first degree and 1 to 3 years for sexual

abuse in the first degree; these sentences were to run consecutive to the 2⅓ to 7 years defendant received for sodomy in the first degree. This appeal followed.

Defendant first argues that County Court erred in precluding evidence of sexual contact between the victim and her 14-year-old uncle (see, CPL 60.42). Following an offer of proof in which defense counsel elicited several purported instances of previous sexual contact between the victim and her uncle, County Court denied the application. The court determined that since the described acts did not relate to the specific events charged in the indictment, the evidence was irrelevant. We agree, and find the exclusion well within the court's discretion (see, CPL 60.42 [5]; People v Westfall, 95 AD2d 581, 584-585). Moreover, since the victim and her mother both testified as to the victim's previous inconsistent statement that her uncle, not defendant, was the perpetrator, any error in excluding the proffered evidence was harmless (see, People v Westfall, supra, at 585).

Defendant's contention that he was denied the effective assistance of counsel is similarly unpersuasive. On January 12, 1988, one week before the scheduled trial date, defense counsel informed County Court that he had been discharged by his client. Counsel further conceded that he had yet to adequately prepare the case. Earlier that day, County Court issued a decision denying a previous application by counsel to be relieved as trial counsel. The court adhered to this position and directed the trial to proceed as scheduled. Defendant essentially maintains that the court's refusal to allow counsel to withdraw or accord defendant more time to retain substitute counsel precluded a meaningful defense. The record shows otherwise. It is firmly established that an accused is entitled to meaningful representation (see, People v Baldi, 54 NY2d 137). This determination is made by viewing a case in totality and losing tactics are not to be confused with ineffectiveness. The suggestion that counsel was not prepared for trial is unfounded. Counsel had already represented defendant in related Family Court proceedings involving many of the same factual events and was well versed in the case history. Given this background, and the one-week interval in which to prepare for trial, County Court's refusal to discharge counsel was not inappropriate (see, People v Medina, 44 NY2d 199, 207). Moreover, the trial record confirms that a vigorous, meaningful defense was provided.

Equally unpersuasive is defendant's contention that the sentence, which was within the statutory parameters and less

than the maximum, was harsh and excessive. In our view, consecutive sentences were appropriate for the distinct crimes committed (see, People v Birds, 115 AD2d 174, lv denied 67 NY2d 649; People v Irving, 107 AD2d 944, 945). We similarly reject the argument that the evidence was insufficient to support the conviction (see, People v Bleakley, 69 NY2d 490, 493-495; People v Brewington, 149 AD2d 852).

Finally, defendant's argument that numerous errors deprived him of a fair trial is unpersuasive. The testimony of two psychologists concerning reactions of children who are victims of sexual abuse, while not referenced specifically to this victim, was properly admitted as describing psychological phenomena not within the knowledge of average jurors (see, People v Keindl, 68 NY2d 410, 422; People v Benjamin R., 103 AD2d 663, 669-670). Nor did the prosecutor's remarks during both opening and closing arguments rise to the level of misconduct which substantially prejudiced defendant and deprived him of a fair trial (see, People v Galloway, 54 NY2d 396).

We have considered defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.