■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged in a 10-count indictment with crimes arising out of five separate robberies of the same Stop-N-Go food store in the City of Rochester. Prior to trial, defendant moved to sever the charges relating to the last robbery, on which he was apprehended at the scene, from the other charges set forth in the indictment.

The court did not abuse its discretion in denying defendant's motion for a severance (see, *People v Lane,* 56 NY2d 1; *People v Mercer,* 151 AD2d 1004; *People v Casiano,* 138 AD2d 892, *lv denied* 72 NY2d 857; *People v Telford,* 134 AD2d 632, *lv*

*denied* 71 NY2d 903). The crimes charged in the indictment were "the same or similar in law" (CPL 200.20 [2] [c]), and, consequently, were properly joinable *(see, People v Lane, supra).* Where the crimes charged in the indictment are defined by the same or similar statutory provisions, applications for severance are addressed to the sound discretion of the court (CPL 200.20 [3]). Defendant failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of these charges, and failed to demonstrate in concrete terms that he had a strong need to refrain from testifying concerning the charge arising from one incident and important testimony to present concerning the other incidents *(see,* CPL 200.20 [3] [a], [b]; *People v Lane, supra,* at 8; *People v Telford, supra).* In our view, the court properly weighed the public interest in avoiding duplicative, lengthy, and expensive trials against the defendant's interest in being protected from an unfair advantage in favor of the People *(see, People v Lane, supra,* at 8; *People v Mercer, supra; People v Angelo,* 133 AD2d 832).

The testimony at trial regarding defendant's usage of cocaine was admissible despite the general prohibition against evidence of uncharged crimes because it was relevant on the issue of his motive in committing the crimes charged *(see, People v Vails,* 43 NY2d 364; *see also, People v Hardwick,* 140 AD2d 624, 625). Defendant admitted to the police that he was drug dependent and needed money to supply his drug habit. This evidence came in as part of testimony relating to the admissions defendant made to the police following his arrest. Thus, this case is unlike those relied upon by defendant where the prosecutor cross-examined defendant about his drug usage in order to suggest that such drug usage was the motive for the crime charged *(see, People v Wright,* 41 NY2d 172, 175; *People v Balkum,* 149 AD2d 976; *People v Torres,* 119 AD2d 508, 509-511; *People v Hicks,* 102 AD2d 173, 182-183). Inasmuch as defendant supplied his own motive for committing the crimes, the court properly admitted such evidence of motive and properly permitted the prosecutor in summation to comment on such drug usage as a motive for the robberies charged.

The court erred, however, in admitting evidence that a knife was found in defendant's possession at the time he was arrested. There is no evidence that a knife was used in the last robbery. Although it appears that a knife was used in one of the earlier robberies, the knife found on defendant at the time of his arrest did not in any way fit the description of the

knife involved in the prior incidents. Thus, the receipt of evidence relating to defendant's possession of a knife at the time of his arrest was improper under the general rule prohibiting evidence of uncharged crimes (see, People v Ventimiglia, 52 NY2d 350; People v Allweiss, 48 NY2d 40, 46). However, in view of the overwhelming evidence of defendant's guilt, any error in receiving this evidence was clearly harmless (see, People v Crimmins, 36 NY2d 230, 241).

Considering the number and seriousness of the robberies involved, the sentencing court did not abuse its discretion in imposing consecutive terms on two of the robbery convictions. (Appeal from judgment of Monroe County Court, Egan, J.— robbery, first degree, and other charges.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.