■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL BLACKWELL, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's argument that the court's marshaling of the evidence in its instructions on identification unfairly prejudiced defendant. The court did not unfairly marshal the evidence, but properly brought to the jury's attention the matters it should have considered in determining the reliability of the identification testimony.

The court's questioning of the rebuttal witness was proper because it clarified the proof, and the manner of questioning did not convey to the jury the impression that the court had an opinion concerning the merits of the case or the credibility

of the witness *(see, People v Moulton,* 43 NY2d 944; *see also, People v Yut Wai Tom,* 53 NY2d 44, 56-57; *People v Jamison,* 47 NY2d 882).

The court properly refused to charge sexual misconduct (Penal Law § 130.20 [2]) as a lesser included offense of sodomy in the first degree under Penal Law § 130.50 (1) *(see, People v Laundry,* 122 AD2d 450, 452; *People v Torres,* 120 AD2d 553, *lv denied* 68 NY2d 760; *People v Ayers,* 65 AD2d 862; *People v Simms,* 58 AD2d 720; *see also, People v Mott,* 77 AD2d 606, 607). To establish his entitlement to a charge of a lesser included offense, defendant was required to make the two showings required by statute *(see, People v Glover,* 57 NY2d 61, 63-64; CPL 1.20 [37]; 300.50 [1]). The first requirement is that it be theoretically "impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree" (CPL 1.20 [37]). The second is that there be "a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]).

The elements of sodomy in the first degree under Penal Law § 130.50 (1) are the engaging in deviate sexual intercourse with another person by forcible compulsion. The elements of sexual misconduct are the engaging in deviate sexual intercourse with another person without the latter's consent (Penal Law § 130.20 [2]). Lack of consent results from either forcible compulsion or incapacity to consent (Penal Law § 130.05 [2]). Where the lack of consent element of sexual misconduct is based on forcible compulsion, the elements of sodomy in the first degree by forcible compulsion and the elements of sexual abuse are identical. Thus, the first requirement entitling defendant to a charge of a lesser offense has been met. It is impossible to commit the crime of sodomy in the first degree by forcible compulsion "without concomitantly committing, by the same conduct," the offense of sexual misconduct (CPL 1.20 [37]).

The second requirement, however, was not met. Because the elements of the two offenses are identical, a finding of not guilty on the greater offense would require a finding of not guilty on the lesser offense and, conversely, a finding of guilty on the greater offense would require a finding of guilty on the lesser offense. Thus, it was not possible for the jury to find "that the defendant committed such lesser offense [sexual misconduct] but did not commit the greater [sodomy in the first degree]" (CPL 300.50 [1]).

Defendant argues that under certain circumstances the elements of the offenses of sodomy in the first degree by forcible compulsion and sexual misconduct are not identical because the element, lack of consent, for sexual misconduct can consist of incapacity to consent by a showing that the victim is less than seventeen years old, mentally defective, or mentally incapacitated (Penal Law § 130.05 [3]). Where the offense of sexual misconduct is based on the incapacity of the defendant to consent, sexual misconduct is not a lesser included offense of sodomy in the first degree by forcible compulsion. In that case, a conviction of sexual misconduct requires proof in addition to that required to sustain a conviction of sodomy in the first degree—either proof of age, mental defect or mental incapacity of the victim. Where a conviction of the lesser offense would require proof in addition to that required for the greater offense, the lesser offense does not qualify as a "lesser included offense" *(People v Acevedo,* 40 NY2d 701, 707; *People v Mott, supra,* at 607). In such a case, it is not "impossible to commit" the greater offense "without concomitantly committing, by the same conduct" the lesser offense (CPL 1.20 [37]).

Moreover, the court correctly refused defendant's request because there was insufficient proof that the victim lacked the capacity to consent.

We have reviewed the other issues raised in defendant's main and supplemental *pro se* briefs and we find them lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Sodomy, 1st Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.