■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALEX, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered May 2, 1991, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's statutory speedy trial motion, which was withdrawn by him prior to any ruling by the court, was properly denied by the trial court when the defendant attempted to renew it after the jury's verdict. By proceeding to trial before the court decided the motion and withdrawing it, the defendant waived his speedy trial claim *(see, People v Lawrence,* 64 NY2d 200; *People v Rodriguez,* 50 NY2d 553; *People v Whisby,* 48 NY2d 834). In any event, the defendant's motion was meritless. Even if we were to credit the defendant's contention that certain portions of the 222-day delay were attributable to the People, the defendant executed a waiver of his right to a speedy trial with respect to a 40-day period. This period, therefore, was not chargeable to the People. Deducting the 40-day period from the claimed 222 days of delays yields a 182-day period, which is within the statutory six-month, or 184-day readiness requirement in this case *(see, People v Robles,* 139 AD2d 781).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant contends that the complainant's testimony was so unbelievable that it should have been rejected as incredible as a matter of law or, at a minimum, that it should not have been believed by the jury. However, it is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,*

176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, *People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's challenge to the trial court's evidentiary rulings is similarly unavailing, as the testimony proffered by the defense either constituted an invasion of the victim's sexual past (see, CPL 60.42), was wholly speculative in nature (see, *People v Laundry*, 122 AD2d 450; *People v Westfall*, 95 AD2d 581), or was irrelevant.

The defendant's claim that his counsel was ineffective finds no support in the record. Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.