■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN STEWART, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered November 25, 1991.

judgment of the Supreme Court, Queens County (Joy, J.), rendered February 14, 1991, convicting him of attempted sodomy in the first degree (two counts), sexual abuse in the first degree (five counts), unlawful imprisonment in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In particular, we find that the evidence was sufficient to establish the forcible compulsion elements of the crimes of attempted sodomy in the first degree and sexual abuse in the first degree *(see, People v Kranitz,* 104 AD2d 956; *People v Concepcion,* 175 AD2d 324). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We find unpersuasive the defendant's contention that he was denied the right of effective cross-examination by the trial court's rulings limiting the scope and extent of cross-examination of one of the complaining witnesses. Although proof aimed at establishing a motive to fabricate is never collateral and may not be excluded on that ground, a trial court may, in the exercise of its discretion, properly exclude such proof where it is too remote or speculative *(People v Hudy,* 73 NY2d 40, 57; *People v Thomas,* 46 NY2d 100). Moreover, cross-examination aimed at establishing a possible reason to fabricate must proceed upon some good-faith basis *(People v Hudy, supra,* at 57). Review of the record indicates that the excluded questions were speculative and lacked any factual basis. Thus, the court properly exercised its discretion in limiting defense counsel's cross-examination of the witness.

The defendant's contention that the court erred in failing to instruct the jury that the evidence should be evaluated separately as to each complainant is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Baker,* 23 NY2d 307, 325). We decline to reach it in the exercise of our interest of justice jurisdiction.

The sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Lawrence and Miller, JJ., concur.