■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED SPARMAN, Appellant. [599 NYS2d 202] —Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the trial court erred in refusing defendant's request that attempted sexual misconduct (Penal Law §§ 110.00, 130.20 [2]) be charged as a lesser included offense of attempted sodomy in the first degree in violation of Penal Law §§ 110.00 and 130.50 (1). Because the elements of the two offenses are identical, there is no "reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; *see, People v Blackwell,* 177 AD2d 952, 953, *lv denied* 79 NY2d 853; *People v Toledo,* 177 AD2d 988, *lv denied* 80 NY2d 839).

Likewise without merit are defendant's contentions that he was denied a fair trial by juror misconduct and that he was denied the effective assistance of counsel. During deliberations, a juror recalled, for the first time, that his ex-wife had been the victim of an attempted rape some 40 years before. That information was communicated to the court. After the jury returned its verdict, the Trial Judge questioned whether that juror's revelation had any effect upon the juror's decision-

making ability and whether it affected in any way the ability of the remaining jurors to reach a verdict. Each of the jurors responded negatively. Under the circumstances, the trial court properly refused to conduct a more detailed hearing into the substance of the jury's deliberations (see, People v Brown, 48 NY2d 388, 392; People v Morales, 121 AD2d 240, 242). Also, trial counsel's representation of defendant, viewed in its entirety, was meaningful (see, People v Baldi, 54 NY2d 137, 147).

Defendant made no request that sexual abuse in the third degree be charged as a lesser included offense of sexual abuse in the first degree (Penal Law § 130.65 [1]). Thus, that issue was not preserved (see, CPL 470.05 [2]; People v Buckley, 75 NY2d 843, 846; People v Duncan, 46 NY2d 74, 80, cert denied 442 US 910), and review in the interest of justice is not warranted. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Sexual Abuse, 1st Degree.) Present —Denman, P. J., Pine, Balio, Boomer and Davis, JJ.