■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT BRUCE, Appellant. [629 NYS2d 883] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant contends that County Court should have granted his motion to sever for trial the counts of the indictment relating to two separate incidents. The crimes charged in the indictment are "the same or similar in law" (CPL 200.20 [2] [c]) and thus, were properly joinable *(see, People*

*v Lane,* 56 NY2d 1, 7; *People v Johnson,* 155 AD2d 924, 925, *lv denied* 75 NY2d 920). Therefore, defendant's motion for severance was addressed to the sound discretion of the court *(see,* CPL 200.20 [3]; *People v Lane, supra,* at 7; *People v Cabrera,* 188 AD2d 1062, 1063). A defendant is entitled to a severance "only if he can persuade the court that the severance should be granted 'in the interest of justice and for good cause shown' " *(People v Lane, supra,* at 7, quoting CPL 200.20 [3]; *People v Winkler,* 188 AD2d 1070, *lv dismissed* 82 NY2d 932, *lv denied* 83 NY2d 859; *People v Johnson, supra).* Here, defendant failed to make the requisite showing and, therefore, the court did not abuse its discretion in denying his motion for a severance.

The court did not commit reversible error in admitting certain testimony regarding injuries allegedly sustained by one of the victims. Furthermore, the court did not err in denying defendant's requests that sexual misconduct (Penal Law § 130.20 [2]) be charged as a lesser included offense of sodomy in the first degree (Penal Law § 130.50 [1]) and that attempted sexual misconduct (Penal Law §§ 110.00, 130.20 [2]) be charged as a lesser included offense of attempted sodomy in the first degree (Penal Law §§ 110.00, 130.50 [1]). Because defendant was charged with sodomy in the first degree and attempted sodomy in the first degree by forcible compulsion (Penal Law § 130.50 [1]), the elements of the offenses are identical and "it was not possible for the jury to find 'that the defendant committed such lesser offense * * * but did not commit the greater' " *(People v Blackwell,* 177 AD2d 952, 953-954, *lv denied* 79 NY2d 853, quoting CPL 300.50 [1]; *see, People v Sparman,* 193 AD2d 1076, *lv denied* 82 NY2d 727).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during summation *(see,* CPL 470.05 [2]). He failed to object to two of the prosecutor's alleged improper comments. Further, the court sustained defense counsel's objections to the remaining challenged comments and gave prompt curative instructions to the jury. Following the court's curative instructions, defense counsel neither objected further nor requested a mistrial and thus, the curative instructions must be deemed to have corrected the error to defendant's satisfaction *(see, People v Brooks,* 213 AD2d 999). In any event, the prosecutor's isolated improper comments during summation did not deprive defendant of a fair trial.

Lastly, defendant contends that the sentence imposed is harsh and excessive. We agree. Therefore, as a matter of discre-

tion in the interest of justice *(see,* CPL 470.15 [6] [b]), we modify the sentence by directing that the terms of imprisonment imposed run concurrently. (Appeal from Judgment of Monroe County Court, Egan, J.—Rape, 1st Degree.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.