The People of the State of New York, Respondent,
against
John Russo, Appellant.




Mayer, Ross & Hagan, P.C. (Christopher Ross of counsel), for appellant.
Suffolk County District Attorney (Marcia R. Kucera, Thomas C. Costello and Glenn Green of counsel), for respondent.

Appeal from judgments of the District Court of Suffolk County, First District (Stephen L. Ukeiley, J.), rendered June 29, 2017. The judgments convicted defendant, after a nonjury trial, of harassment in the second degree and forcible touching, respectively, and imposed sentences.




ORDERED that the judgments of conviction are affirmed.
An accusatory instrument charging defendant with harassment in the second degree (Penal Law § 240.26) was filed on December 21, 2015. The factual allegations thereof, along with the supporting deposition, state that defendant slapped the complainant on her buttocks with an open hand, which caused the complainant to become upset and alarmed. The People filed an off-calendar statement of readiness on January 5, 2016. Thereafter, in July 2016, defendant moved to dismiss that accusatory instrument on the ground that his statutory right to a speedy trial had been violated. On January 24, 2017, the People submitted their opposition to defendant's motion and filed an additional accusatory instrument charging defendant with forcible touching (Penal Law § 130.52) based on the same facts alleged in the December 2015 instrument and supporting deposition. Defense counsel then withdrew defendant's pending [*2]statutory speedy trial motion, and stated that the defense was ready for trial. A nonjury trial commenced on January 27, 2017. During the trial, after the defense had rested, defense counsel sought to "renew our 30.30 application." Defendant was subsequently convicted of both charges, after which the District Court stated that "your motions that you made during the trial are denied for the record," and convicted defendant of both charges. On appeal, defendant contends that the accusatory instruments should have been dismissed on the ground that his statutory and constitutional rights to a speedy trial had been violated.
We find that defendant waived his statutory speedy trial claim by withdrawing his pretrial statutory speedy trial motion prior to any ruling thereon by the District Court and then proceeding to trial before attempting to renew his motion (see People v Alex, 186 AD2d 575, 575 [1992]). Moreover, defendant's constitutional speedy trial claim, raised for the first time on appeal, is unpreserved for appellate review (see People v Cedeno,52 NY2d 847, 848 [1981]), and we decline to review it in the interest of justice.
Accordingly, the judgments of conviction are affirmed. 
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019