■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL ROWELL, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Leggett, J.), rendered January 2, 1979, convicting him of sexual abuse in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress his confessions. Judgment reversed, on the law, defendant's motion to suppress granted, and new trial ordered. The facts have been considered and are determined to have been established. Defendant's conviction of sexual abuse in the first degree arose out of an incident which occurred on a school bus that he was driving, and involved a 10-year-old girl. In response to a complaint by the victim's mother, a detective contacted the operator of the bus company, who was defendant's uncle. Both the defendant

and his uncle accompanied the detective to the police station where defendant was questioned by the detective. Defendant, 19 years old with an eleventh grade education, was advised of his *Miranda* rights and denied having touched the girl. Several days later, following a second interview, defendant agreed to his uncle's suggestion that he undergo a lie-detector test. While defendant and the detective were making arrangements by telephone for the polygraph test, defendant informed the detective that he intended to speak to an attorney prior to taking the test. Defendant never saw an attorney, however, and the detective was aware of this. At no time did the defendant say he did not want to take the test, and he was apparently aware that he could leave at any time. At the test site, after being given his *Miranda* warnings and signing a lie-detector permission form, defendant, in response to questioning, confessed to the officer administering the test. Defendant was arrested and later signed a written statement. Subsequent to an unsuccessful attempt to suppress the statements, defendant was convicted of sexual abuse in the first degree at a Bench trial. Defendant's first contention is that the evidence adduced at trial was legally insufficient to establish the offense charged. Counsel claims that the victim, who was 11 years old at the time of trial, was incompetent to testify. Although there is the presumption that a child under 12 years is incompetent to testify (CPL 60.20, subd 2), it is within the Trial Judge's discretion to determine competency after a proper preliminary examination (see *People v Oyola*, 6 NY2d 259, 263). A review of the record indicates that the Trial Judge adequately conducted such an examination and there is no evidence that he abused his discretion in permitting the child to testify. Defendant further argues (1) that his conviction of sexual abuse in the first degree cannot stand solely on the uncorroborated testimony of the alleged victim (see Penal Law, § 130.16; *People v Fuller*, 50 NY2d 628, 633-637), and (2) that the only possible corroboration in the case at bar, i.e., his confessions, should have been suppressed. In support of his argument that the confessions should have been suppressed, defendant argues, *inter alia,* that during the telephone conversation between himself and the detective prior to the polygraph examination, he invoked his right to counsel by stating that he was "going to see an attorney." We agree. In our view his statement regarding his intention to see an attorney effectively invoked his right to counsel which precluded further interrogation by the police (cf. *People v Woodward*, 64 AD2d 517). Moreover, the fact that the invocation of the right to counsel was made in a noncustodial setting does not, in our view, render the ensuing interrogation permissible (see *People v Skinner*, 52 NY2d 24). We have examined defendant's remaining points and find them to be without merit. Since it is impossible to determine at this time whether additional corroborative evidence may exist, the matter is remanded for a new trial. Lazer, J. P., Gibbons and Gulotta, JJ., concur; Mangano, J., dissents and votes to affirm the judgment.