■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL H. BOCKENO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant's conviction of sexual abuse of his three children, all of whom were less than 12 years old at the time of trial, rests solely on their testimony. Defendant contends that the court erred in permitting the three infant witnesses to give sworn testimony and that the corroborating testimony of the children was insufficient to establish his guilt. We disagree.

A child "less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath" (CPL 60.20, subd 2). Although a child who does not understand the nature of an oath "may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof" (CPL 60.20, subd 2), "[a] defendant may not be convicted of an offense solely upon unsworn evidence" (CPL 60.20, subd 3). In addition, due to the nature of the crimes

charged, defendant could not be convicted solely on the testimony of one of the victims without corroborating evidence (Penal Law, § 130.16). Victims abused in each other's presence can corroborate each other's testimony (*People v Fielding,* 39 NY2d 607), but unsworn witnesses cannot corroborate each other (*People v St. John,* 74 AD2d 85, app dsmd 53 NY2d 704). Therefore, it was essential to the prosecution in this case that at least one of the children qualify to take the oath and give sworn testimony (see *People v Coleman,* 42 NY2d 500, 506).

The *voir dire* examination conducted by the trial court was sufficient to show that the children appreciated the nature of an oath and their duty to tell the truth. In permitting them to give sworn testimony the trial court did not abuse its broad discretion which is subject only to "limited appellate review" (*People v Parks,* 41 NY2d 36, 46; see, also, *People v Nisoff,* 36 NY2d 560, 566; *People v Rowell,* 88 AD2d 647, 648, revd on other grounds 59 NY2d 727). We have examined the other contentions raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — sodomy, first degree.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.