■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BOYD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered April 14, 1983, convicting him of sexual abuse in the first degree, unlawful imprisonment in the second degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Although charged with the crimes of rape in the first degree (two counts) and sodomy in the first degree (two counts), the defendant was found guilty of the lesser included offense of sexual abuse in the first degree. The verdict did not specify from which of the greater offenses the lesser count derived.

Reviewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620; *People v Montanez.* 41 NY2d 53, 57), however, it is clear that the defendant was guilty of sexual abuse in the first degree in view of the facts that sufficient proof of forcible compulsion exists (Penal Law § 130.65 [1]) and his victim was under 11 years of age (Penal Law § 130.65 [3]). From the evidence adduced, a trier of fact could reasonably find that the complainant, who was only nine years old at the time of the incident, was forcibly shoved into the basement of her residence by the defendant and there subjected to sexual contact against her will. Although the infant attempted to extricate herself from the defendant's control, she was unable to do so.

Assuming, arguendo, that the defendant was convicted of sexual abuse in the first degree as a lesser included offense of that count of the underlying indictment which charged him with sodomy in the first degree based upon the lack of consent by reason of the victim's age, we realize that said conviction could not be sustained solely on the uncorroborated testimony of the alleged victim inasmuch as the underlying crime occurred prior to November 1, 1984 (Penal Law former § 130.16, amended by L 1984, ch 89, § 1). The required corroboration consisted of evidence tending to establish that an attempt was made to engage the alleged victim in sexual contact and to connect this particular defendant with the commission of that crime. On the record before us, we find sufficient evidence of corroboration to sustain the defendant's conviction. In addition to the infant's testimony, Pepito Lebron, her great uncle, provided further evidence of the defendant's guilt. When he went into the basement in search of the victim, he encountered the defendant, whose pants zipper was open and whose clothing was in a general state of disarray. Lebron asked the defendant if he had seen the victim and received the following reply: "No, I haven't. We're down here getting off". The witness saw no other person in the basement at that time. Shortly thereafter, he observed the defendant come up from the basement alone. He had no bottles in his possession and was not intoxicated. Lebron later returned to the basement with a flashlight and found the victim hiding behind a partition. She was sobbing, her shirt was open and she appeared to be very frightened. No other person was observed exiting the basement during that interval. The fact that a physician who examined the victim later that evening was unable to conclude with any reasonable degree of medical certainty whether there had been actual penetration of the infant complainant's vagina is not fatal to the People's case.

Through the testimony of both the infant and her great uncle, the People established that the former was taken to the basement of her residence by the defendant and there subjected to sexual contact against her will. Such a finding supports not only a conviction for sexual abuse in the first degree but also for endangering the welfare of a child by knowingly acting in a manner likely to be injurious to the physical, mental or moral welfare of a female child less than 17 years old (Penal Law § 260.10 [1]). Similarly, the defendant's conviction for unlawful imprisonment in the second degree is supported by the complainant's testimony that she unsuccessfully tried to get away from the defendant during the ordeal (Penal Law § 135.00 [1]; § 135.05). Inasmuch as it was the province of the trial court, as the trier of facts, to determine the credibility of the witness and the weight to be afforded the evidence *(see, People v Barnes,* 50 NY2d 375, 381; *People v Cook,* 99 AD2d 552, 553), the judgment appealed from should not be disturbed.

The defendant's contention that the trial court erred in excluding evidence with respect to a prior unrelated rape of the complainant is without merit. The proffered evidence had no probative value *(see, People v Mandel,* 48 NY2d 952, *cert denied and appeal dismissed* 446 US 949, *reh denied* 448 US 908), and its exclusion was consistent with the legislative purposes of barring harassment of victims of sexual crimes concerning irrelevant issues and of safeguarding the jury from confusing and prejudicial matters which have no proper bearing on the issue of the guilt or innocence of the accused (CPL 60.42; *People v Westfall,* 95 AD2d 581).

Moreover, the trial court properly deemed the complainant qualified to be sworn as a witness. Absent an abuse of discretion *(see, People v Parks,* 41 NY2d 36, 46), the court's determination with respect to a witness's competency will not be disturbed. The court found, after a preliminary examination *(cf. People v Rowell,* 88 AD2d 647, *revd on other grounds* 59 NY2d 727), that the complainant understood and appreciated the difference between truth and falsity, and knew the consequences of telling a lie. It was, therefore, reasonable to conclude that she understood the gravity of an oath (CPL 60.20 [2]; *People v Nisoff,* 36 NY2d 560). Lazer, J. P., Thompson and Weinstein, JJ., concur.

Brown, J., concurs in part and dissents in part, and votes to modify the judgment appealed from, on the law, by reversing the defendant's conviction of sexual abuse in the first degree,

vacating the sentence imposed thereon, and dismissing that charge, with a memorandum in which Eiber, J., concurs.

In my view, the defendant's conviction of the crime of sexual abuse in the first degree (Penal Law § 130.65) cannot be sustained.

The record clearly indicates that in rendering its verdict, Criminal Term, after acquitting the defendant of forcible and statutory rape and forcible sodomy, found the defendant guilty of the crime of sexual abuse in the first degree as a lesser included offense of that count of the indictment which charged the defendant with sodomy in the first degree based upon lack of consent by reason of the age of the victim (Penal Law § 130.50 [3]; § 130.65 [3]). Under the law in effect at the time of the occurrence of the offense, a conviction of sexual abuse in the first degree predicated upon lack of consent due to the age of the victim could not be sustained absent corroborative evidence tending to establish that an attempt was made to engage the victim in sexual contact and to connect the defendant with the commission of the offense (Penal Law former § 130.16; § 130.65 [3]).

The complainant, who was nine years old at the time of the incident, testified that an individual whom she identified as the defendant accosted her on the stoop of her apartment building. She claimed that the defendant grabbed her by the neck and forced her into the hallway of the building and down into the basement where he raped and sodomized her. She testified further that although she tried, she was not able to get away, and, also, that when the incident was over, her assailant shut off the lights and ran upstairs. She said that after her assailant left, she heard him speak with her great uncle but that she remained in the basement without calling out or saying a word until her great uncle found her later and brought her upstairs.

The complainant's great uncle testified that at some point during the evening of the incident he had seen the defendant in the basement in a disheveled condition with his pants zipper open. He had seen no one else at that time, however, and had gone back upstairs. It was only upon later returning to the basement that he discovered his great niece, the complainant. The only other significant prosecution evidence in the case was provided by the hospital resident who examined the complainant on the evening of the incident. She testified, however, that the complainant's hymen was found to be intact and that there were no signs of physical trauma to either her

genital area or elsewhere. The resident also found the child's vulva, vagina, fundus, rectum and mouth to be normal, and could not state with any degree of certainty whether there had been penetration of the vagina.

While in order to satisfy the corroboration requirement of Penal Law former § 130.16, the independent corroborative evidence need not prove the defendant's guilt to a moral certainty, it must "harmonize with the victim's testimony in such a manner as to furnish the necessary connection between the defendant and the crime" *(People v De Vyver,* 89 AD2d 745, 747; *see also, People v Creedon,* 106 AD2d 515). At bar, the medical evidence did not in any respect support the complainant's testimony or otherwise tend to establish that an attempt was made to engage her in sexual contact. All that we have in this record is evidence of the defendant's presence in the basement in a disheveled condition at some point during the time when the acts are alleged to have occurred. That, in my judgment, is not sufficient to provide the corroboration necessary to sustain the conviction *(see, People v Fuller,* 66 AD2d 27, *affd* 50 NY2d 628; *People v St. John,* 74 AD2d 85).

However, I would concur in the affirmance of the conviction for unlawful imprisonment since there is a sufficient basis for concluding on this record that the unlawful imprisonment was independent of and did not merge with the sexual offenses charged *(cf. People v Geaslen,* 54 NY2d 510) and further that, since there is no corresponding requirement of corroboration as to the crime of unlawful imprisonment, sufficient proof of guilt may be found solely from the testimony of the victim (Penal Law § 135.05). Moreover, since the conduct underlying the conviction for unlawful imprisonment also serves to constitute the conduct underlying the conviction for endangering the welfare of a child, I would also agree that the conviction for that offense should be affirmed.