THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANN BOCKENO, Appellant
 Memorandum: The evidence was sufficient to support defendant's conviction of two counts of sexual abuse in the first degree; from it the jury could reasonably infer that she engaged in sexual contact for the purpose of sexual gratifica-

tion. Although defendant was charged under the indictment with committing sexual abuse while "acting in concert" with codefendant, the court did not err by instructing the jury to determine her guilt or innocence based on her separate criminal conduct. The proof supported the court's charge and defendant was convicted of crimes for which she was indicted (see, People v Duncan, 46 NY2d 74, 79-80, cert denied 442 US 910; People v Iannone, 45 NY2d 589, 594-595; cf. People v Lewis, 105 AD2d 758). Finally, we reaffirm our prior holding that the capacity of the child witnesses to testify under oath had been established (see, People v Bockeno, 107 AD2d 1051). Defense counsel did not object to the voir dire examination by the Trial Judge of the children in the presence of the jury. This issue is not properly preserved for our review upon the law (CPL 470.05 [2]; People v West, 56 NY2d 662, 663) and reversal is not warranted in the interest of justice (CPL 470.15 [6] [a]). We have examined the other contentions raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—sexual abuse, first degree, and endangering the welfare of a child.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.