■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JAVIER FERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered May 13, 1986, convicting him of sexual abuse in the first degree (two counts) and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that it was error to take the testimony of the six-year-old complaining witness under oath. She was five years old at the time the defendant allegedly sexually abused her. Before she testified the trial court asked her many questions concerning her understanding of the difference between telling the truth and telling a lie, her understanding of the consequences of punishment if she told a lie, and her knowledge that she was under a duty not to lie to counsel or the Judge.

Under CPL 60.20 (2), a child less than 12 years old may not testify under oath unless the court is satisfied that he understands the nature of the oath. In *People v Nisoff* (36 NY2d 560, 566) the court said, "The tests as to the infant's testimonial capacity and ability to understand the nature of the oath are necessarily individualistic in nature and are to be determined by 'the capacity and intelligence of the child, his appreciation of the difference between truth and falsehood, as well as his duty to tell the former.' *(Wheeler v United States,* 159 US 523, 524.)" An examination of the preliminary questioning as a whole establishes that the witness was a bright six-year-old child who understood that she was obligated to tell the truth. The trial court's decision to put her under oath was not an abuse of discretion and this decision will not be disturbed *(see, People v Boyd,* 122 AD2d 273; *People v Bockeno,* 107 AD2d 1051). Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.