OPINION OF THE COURT
Alan D. Marrus, J.
Pursuant to a motion to inspect the Grand Jury minutes and dismiss the indictment, the court has determined that the only evidence before the Grand Jury which inculpates the defendant is the testimony of a child witness, under 12 years of age, who was permitted to testify as a sworn witness. There is no record of any allocution and determination by the District Attorney or a Judge that the child was competent to testify as a sworn witness. The District Attorney has informed the court that, without making a record, she did conduct such *15 an inquiry and made a determination that the child be permitted to testify as a sworn witness. The District Attorney has offered to make the child available to the court for a subsequent determination or to offer testimony at a hearing conducted by the court to determine whether the District Attorney did, in fact, conduct an inquiry and make a proper determination of the child’s capacity to testify as a sworn witness.
The question presented here is: must the District Attorney record the allocution to determine whether a child less than 12 years old will be permitted to testify as a sworn witness before the Grand Jury? The answer in this case is yes.
Several basic rules of law apply. First, a child less than 12 years old cannot be permitted to testify as a sworn witness in court unless the court first determines that the child understands the nature of an oath. (CPL 60.20 [2].) Second, the District Attorney is authorized to rule upon the competency of a child under 12 years old to testify as a sworn witness in the Grand Jury. (CPL 190.30 [6].) Third, upon a motion to inspect and dismiss an indictment, absent good cause to deny it, the court must examine the minutes of the Grand Jury proceeding to determine if the evidence before the Grand Jury was sufficient to support the charges in the indictment.
In this case, the sufficiency of the evidence turns on the sworn testimony of a child less than 12 years old. The proceeding by which the District Attorney determined the child could be sworn is, therefore, critical to the court’s evaluation of the sufficiency of the evidence. Without a record of that proceeding, the court is unable to review a critical ruling by the District Attorney in the Grand Jury.
When a court questions a child witness about the nature of an oath, a record is made of the inquiry and the determination. If there is an appeal, the appellate court has a record of that determination to review. (See, e.g., People v Ranum, 122 AD2d 959 [2d Dept 1986]; People v Bockeno, 107 AD2d 1051 [4th Dept 1985].) The trial court’s decision " 'will not be disturbed on review unless from that which is preserved it is clear that it was erroneous’.” (People v Nisoff, 36 NY2d 560, 566 [1975], quoting Wheeler v United States, 159 US 523, 524-525 [1895].) The trial court has great latitude in this matter and "may resort to any examination which will tend to disclose [the witness’] capacity and intelligence as well as his understanding of the obligations of an oath.” (Wheeler v *16 United States, supra, at 525.) The appellate court will look to the record of the trial court’s preliminary examination of the child to determine if it supports the trial court’s determination of competency. (See, People v Nisoff, supra.)
There is one reported Court of Appeals case, People v Johnson (185 NY 219 [1906]), where the court held that the absence of any record of a determination that a child under 12 could testify as an unsworn witness at trial was not error, since the Trial Justice is presumed to have done his duty in accordance with the statute. That decision, however, involved the testimony of a child under 12, not sworn, who was not a material witness. The Court of Appeals emphasized also that the defense had made no objection to the child testifying as an unsworn witness. Even assuming the vitality of this 82-year-old decision, it is clearly distinguishable from the situation here.
Here, the child witness is material and indeed offers the only evidence linking the defendant to the crime. Second, the District Attorney, as legal adviser to the Grand Jury, is not in the identical position of the court as a neutral and detached Magistrate in making this determination. Third, defense counsel had no opportunity to object to the determination to compel a record.
A more recent Court of Appeals decision, People v Groff (71 NY2d 101 [1987]), provides greater insight into this matter. In Groff, the prosecutor permitted a four-year-old child to testify as an unsworn witness in the Grand Jury after a preliminary examination of the child, which was recorded, but the prosecutor did not expressly state his findings in the record. The Court of Appeals concluded: "Because the prosecutor stated on the record that he would have to determine whether the victim was sufficiently intelligent to give unsworn testimony, conducted voir dire which revealed that she had the capacity to perceive and recall events, and only questioned her after explicitly stating his finding that the oath could not be administered to her, the record, by clear implication, establishes the District Attorney complied with CPL 60.20.” (People v Groff, supra, at 105 [emphasis added].)
Thus, in Groff (supra), the Court of Appeals relied on the record of the preliminary examination of a child under 12 to satisfy itself that a child was properly permitted to testify as an unsworn witness in the Grand Jury. This court believes it should also have access to a record of the preliminary exami *17 nation of a child under 12 to satisfy itself that a child was properly permitted to testify as a sworn witness before the Grand Jury.
The record of this inquiry can be made by the Grand Jury stenographer, or the allocution can be recorded on videotape or audiotape. The court should not have to rely on a reconstruction of the preliminary examination months later or on a subsequent determination of the child’s capacity months after the child has already testified.
The prosecutor in this case had every right to determine the child’s capacity to testify as a sworn witness before the Grand Jury. The defendant, who has been accused of sodomy in the first degree and related charges solely on the testimony of this child, has the right to expect that all of the evidence and critical determinations by the District Attorney be reviewable by the court upon a motion to inspect and dismiss.
Another lower court has recently concluded that before a child under 12 years old may subscribe to the factual allegations in a misdemeanor complaint or supporting deposition, the District Attorney should conduct a voir dire of the child’s ability to understand the nature of the oath and this voir dire should be recorded for appellate review. (People v King, 137 Misc 2d 1087, 1089-1090 [Crim Ct, NY County 1988]; but see, People v Wiggans, 140 Misc 2d 1011 [Crim Ct, Kings County].) There should be no lesser requirement when the child under 12 is a witness in the Grand Jury.
Finally, the court notes that under existing law a child under 12 who claims to be a victim of a crime faces the prospect of three separate inquiries regarding competency to testify as a sworn witness — once, when the child swears to the factual allegations in a complaint, a second time, when the child testifies in the Grand Jury, and a third time, before the child is allowed to testify at a trial. The voir dire and determinations of competency may involve 3 different Judges or 2 Judges and the District Attorney. Given the explosion of criminal cases involving children under 12 years old as complainants and witnesses, and out of consideration for the vulnerability of these young children, perhaps the Legislature should consider modifying the law to permit one voir dire and determination by a court which would be binding on all subsequent proceedings in the same case. At the same time, the Legislature might also consider reducing the age below 12, when such competency determinations should be required. *18 Children who are 10 or 11 years of age generally have no trouble qualifying as sworn witnesses.
As long as the law requires, however, that such competency determinations be made for children less than 12 years old at these various stages of the criminal proceeding, there simply is no valid reason why a record of the voir dire of the child should not be made by the court or the District Attorney. It is a simple matter to record the voir dire. The District Attorney’s position in this matter, "trust me”, is rejected. The court’s position on the issue in this and all future cases is "show me”. The indictment is, therefore, dismissed.