■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. PACE, Appellant.—Levine, J. Appeal from a judgment of the County Court of Washington County (Leary, J.), rendered August 28, 1987, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts), assault in the second degree and endangering the welfare of a child.

Defendant was convicted of sexually violating his 10-year-old sister-in-law at his home in the Town of Cambridge, Washington County, during Saturday afternoon, October 5, 1986. The victim lived with her mother and several siblings in Bennington, Vermont, about a 30-mile drive from Cambridge. She had been visiting since the preceding evening at the home of her sister and defendant, where they lived with their two daughters, aged six and nine. At some point in the afternoon, defendant's wife drove to Bennington with the older of their two daughters, leaving defendant alone with the victim and the younger daughter. When defendant's wife returned in the late afternoon or early evening, the victim almost immediately complained of being injured and bleeding from her vagina. She explained that the injury came from falling on a stick. Defendant's wife took the child to a hospital in Bennington, where she repeated the same cause of her injury. Later

that evening, the child's injuries were surgically repaired by a Bennington gynecologist. He informed the victim's mother that the injuries he found were inconsistent with the accident the child had described and that, in his opinion, she had been raped. The next morning, when pressed to tell what actually happened, the victim confirmed to her mother and then to a Bennington police officer that defendant had performed sexual intercourse on her while defendant's wife was gone the preceding afternoon.

At the trial, the victim, then 11 years old, was found by County Court to be competent to testify under oath. She testified that after defendant's wife left the home, she was watching television and defendant's younger daughter went out to play. Defendant then asked her to come into his bedroom with him and she refused, whereupon defendant pulled her into the room, took off her clothes and "put his hot dog into my privates and he started jumping on me, and then I started bleeding". She experienced pain while this was taking place. At this point, defendant's younger daughter returned to the house and defendant stopped, telling his daughter that the victim was in the bathroom. The victim continued to bleed, soaking her underpants, which defendant disposed of by flushing them down the toilet. He warned her that if she told what happened she "would get in trouble", and told her to explain that she was hurt by falling on a piece of wood. The victim's treating physician testified to the extent of her injuries, including severe lacerations of her vagina and hymenal ring and abrasions of vaginal tissue which he attributed to repeated rubbing by an object. In his expert opinion, it was physically impossible that the victim had been penetrated before the incident causing her injuries and that the incident had occurred within 12 hours of his examination. The doctor unequivocally opined that the victim had been subjected to sexual intercourse.

Defendant's conviction should be affirmed. Contrary to defendant's contention, the victim's description of being pulled into the bedroom after she refused to go voluntarily, the discrepancy in age, size and strength between her and defendant, the severity and pain of her injuries and the isolated circumstances under which the act occurred, cumulatively could be found to have established the element of forcible compulsion for conviction of rape in the first degree *(see, People v Bermudez,* 109 AD2d 674, *appeal dismissed* 67 NY2d 758).

We are likewise unpersuaded by defendant's claim that

County Court erred in concluding that the victim, who was 11 at the time of trial, was competent to testify under oath *(see,* CPL 60.20 [2]). A preliminary examination of the victim was conducted by the court, during which the victim clearly affirmed her understanding of the difference between lying and telling the truth, that she was promising and obligated to tell the truth and that bad consequences would follow if she were to lie in her testimony. A trial court has broad discretion in determining the competency of witnesses *(see, People v Parks,* 41 NY2d 36, 46). The answers elicited from the victim were sufficient to sustain the court's ruling *(see, People v Fernandez,* 138 AD2d 733, 734; *People v Boyd,* 122 AD2d 273, 275). The correctness of that ruling was further confirmed by the victim's clearly evinced awareness of the difference between truth and falsity, and the obligation to tell the truth, in answers to questions on cross-examination.

Finally, we reject the argument that reversible error was committed in permitting the Bennington police officer to testify as to the victim's detailed description of the rape, including the specific identification of defendant as her assailant. Although the opening statement of defendant's counsel may have suggested otherwise, the fact is that the victim's testimony was not attacked as a recent fabrication and, hence, the statement was not admissible as a prior consistent statement *(see, People v Davis,* 44 NY2d 269, 277; *People v Williams,* 62 AD2d 1026). Nevertheless, the statement, given only the morning after the trauma of the sexual assault and surgery that this 10-year-old child experienced, was admissible in part as a recent complaint by the victim of a sex crime *(see, People v Gonzalez,* 131 AD2d 873, 874, *lv denied* 70 NY2d 800). This exception to the hearsay rule would not have extended to the giving of details or identification of the perpetrator *(People v Derrick,* 96 AD2d 600; Fisch, New York Evidence § 494, at 329 [2d ed]). Defendant, however, only interposed a general hearsay objection preliminary to the examination of the officer on what the victim said. Since the statement was admissible hearsay in part, it was incumbent on defendant to specifically object to what was inadmissible at the time the testimony was given, move to strike or seek appropriate limiting instructions in order to preserve this error for review *(see, People v Gomez,* 112 AD2d 445, 446, *lv denied* 66 NY2d 919). In any event, the error must be deemed harmless. Some detail would have been appropriate, given the age of the victim and her unfamiliarity with terms referring to sexual acts and parts of the anatomy, in order to insure that she was clearly and unambiguously

relating that she had been raped. Apart from such particulars, the statement was substantially the same as her testimony at trial. Her credibility was not seriously damaged during cross-examination. The proof of defendant's guilt, notably the uncontradicted medical and circumstantial evidence that the victim was in fact subjected to sexual intercourse while in defendant's sole custody, was overwhelming. In addition, there was no significant probability that exclusion of any inadmissible details in the victim's statement to the police would have resulted in an acquittal and, thus, the error does not require reversal (see, People v Crimmins, 36 NY2d 230, 242).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.