■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STREETY, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered June 3, 1988 after a jury trial, convicting defendant of sexual abuse in the first degree and sentencing him to an indeterminate prison term of from 1 to 3 years, is unanimously affirmed.

Defendant invited complainant to "hang out" and "get high". He assured her that he was not interested in anything sexual. She agreed and they went to an apartment where

there were several other people. Defendant and complainant went into a bedroom to smoke crack and marihuana. Defendant put a chair under the doorknob. After they had used drugs for awhile, defendant produced a gun from a slit in the mattress and pointed it at complainant. He punched her several times. She screamed but no one responded. He put the gun away and ordered her to perform various sexual acts with him, threatening to tie her up with a rope if she refused. She complied. Eventually, she broke away and fled from the apartment with only a blanket wrapped around her. She immediately went home, with the help of a friend she had run into, and told her grandmother of the incident. The police were notified and appellant was arrested. The gun, the rope, and complainant's clothes were found in the apartment. There was no scientific evidence of any ejaculation by defendant during his abuse of complainant. Defendant was acquitted of several rape and sodomy counts.

Despite the fact that defendant claims that his guilt of sexual abuse in the first degree was not proven, the evidence was adequate to support his guilt beyond a reasonable doubt. The demeanor of the witnesses, their drug use, and the inconsistency in their testimony presented credibility issues for the jury (see, People v Mosley, 112 AD2d 812, 814, affd 67 NY2d 985). Complainant's direct testimony was corroborated both by physical and additional testimonial evidence. Moreover, while the jury acquitted defendant of rape and sodomy, they reasonably concluded that defendant's repeated efforts to consummate sexual acts with the victim, against her will, constituted sexual abuse (see, e.g., People v Boyd, 122 AD2d 273).

Defendant raises several claims regarding the testimony of a hostile prosecution witness which are unpreserved for appellate review. We choose not to review such claims; however, were we to consider them, in the interest of justice, we would nevertheless find them to be without merit. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.