■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SCHULTZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered December 14, 1989, convicting him of sexual abuse in the first degree (two counts), sodomy in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contention, the trial court properly permitted the eight-year-old complainant to be sworn as a witness. Absent an improvident exercise of discretion, the court's determination with respect to a witness's competency will not be disturbed (see, People v Nisoff, 36 NY2d 560, 566; see also, People v Fernandez, 138 AD2d 733, 734; People v Boyd, 122 AD2d 273, 275). The court found, after a preliminary examination, that the complainant knew and appreciated the difference between truth and falsity, and knew the consequences of telling a lie. It was therefore reasonable to conclude that he understood the gravity of the oath.

Upon a review of the record, we are satisfied that the People's expression of readiness for trial on February 3, 1989, indicated present readiness to proceed, and not merely an expectation of future readiness (see, People v Kendzia, 64 NY2d 331, 337; People v Hamilton, 46 NY2d 932). Consequently, the defendant was not denied his statutory right to a

speedy trial, and the trial court correctly denied the motion to dismiss on this ground.

We reject the defendant's claim that the admission at trial of allegations of acts not charged in the indictment violated standards of fair notice (see, People v Keindl, 68 NY2d 410, 416; People v Morris, 61 NY2d 290, 293; People v Iannone, 45 NY2d 589, 594).

Further, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to support the defendant's conviction of the crimes charged (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.