OPINION OF THE COURT
Michael J. Obus, J.
Defendant Ralph Page stands charged with assault in the third degree (Penal Law § 120.00 [1]) and endangering the welfare of a child (Penal Law § 260.10 [1]), arising out of allegations that on May 22, 1990, he beat the nine-year-old complainant, Takiya Barrett, with a belt and an extension *628 cord. He now moves pursuant to CPL 100.15, 100.30 and 100.40 to dismiss the accusatory instrument on the ground that it is facially defective.
The complaint, sworn to by a detective upon information provided by Takiya Barrett, is buttressed by Takiya’s supporting deposition dated December 10, 1990. That deposition, as well as a copy of the complaint Takiya also signed, bear additional endorsements by Takiya’s mother, Lottie Barrett, to the effect that Takiya "fully understands” these documents.
On August 15, 1990, almost four months before swearing to the supporting deposition in this case, Takiya had signed a similar instrument in a related matter (docket No. 90N057845). In that case, Doresa Powell, defendant’s wife, is charged with assaulting Takiya Barrett and endangering her welfare in the same manner and at the same place during a time period encompassing the date of this incident. Prior to her signing that document, the Honorable Peter Benitez, a Judge of the Criminal Court, conducted an in camera voir dire of the complainant, concluded that she understood the nature of an oath and allowed her to be sworn. That determination was upheld on Ms. Powell’s motion to dismiss the charges filed against her. (See, order of Wilfred R. O’Connor, J., Nov. 28, 1990.)
The parties seem to agree that, while any of the out-of-court methods of verification set forth in CPL 100.30 (1) may be employed where the complainant is a person under the age of 12, the provision of CPL 60.20 (2) that such a child may not give testimony under oath unless found competent to be sworn is applicable to the verification process. Defendant argues that the verification here is inadequate because there was assertedly no voir dire to assure the competency of the infant complainant by either an Assistant District Attorney or the court, as required by People v King (137 Misc 2d 1087 [Crim Ct, NY County 1988]). He contends that the only voir dire in this case was one apparently conducted off the record by Takiya’s mother, whom he characterizes as an "unauthorized party”. The People respond that "the law only requires that prior to requesting a child to swear to facts, an assistant district attorney [must] ascertain the competency of a child witness.” This requirement was met, they argue, by the Assistant’s review of the voir dire previously conducted by Judge Benitez.
The court concurs with the majority of those courts that *629 have addressed the issue in concluding that the competence presumption of CPL 60.20 (2) is a standard to be applied in assessing the verification by a child of an accusatory instrument, and that the ultimate responsibility for mating that assessment must always lie with the court, not the prosecutor. (See, People v Soler, 144 Misc 2d 524 [Crim Ct, NY County 1989]; People v Phillipe, 142 Misc 2d 574 [Crim Ct, Kings County 1989].) The preferable way to fulfill this responsibility is for the court to personally conduct a voir dire of the child. (See, People v Soler, supra, at 527-528; People v Phillipe, supra, at 583; People v Cortez, 140 Misc 2d 267 [Crim Ct, Queens County 1988]; People v Pierre, 140 Misc 2d 623 [Crim Ct, NY County 1988].) Under the somewhat unusual circumstances of this case, however, such an additional judicial inquiry is not called for.
In the matter at bar, the court has before it the transcript of Judge Benitez’ voir dire of Tatiya Barrett in a pending related prosecution. While that examination was conducted some months before the signing of the supporting deposition at issue here, it provides a substantial basis upon which the court can independently evaluate Tatiya’s capacity to understand the oath and to tell the truth. Significantly, although the record of the voir dire has been made available to defendant, no challenge has been raised to its adequacy or to the conclusion of competency it compels; and despite the fact that these prosecutions have yet to be consolidated, no reason has been offered why the court should not consider that ex parte proceeding in evaluating the instant accusatory instrument. Indeed, the only relevant development between the signing of the two depositions is that Tatiya aged four months, a factor which, if anything, militates in favor of her capacity to be sworn.
The court hastens to add that Lottie Barrett’s attestation to her daughter’s understanding of the supporting deposition is surplusage which has been accorded no weight in this decision. Nor, of course, is this the final inquiry into Tatiya’s competency, an issue which must be examined again should she testify at a trial. (See, People v Nisoff, 36 NY2d 560 [1975]; People v Rivera, 141 Misc 2d 14 [Sup Ct, Kings County 1988].) For purposes of this threshold determination however, a review of the August 15, 1990 voir dire does establish that Tatiya possessed the requisite level of understanding to swear to the truth of the complaint. It is therefore unnecessary to *630 require that she return to court at this time for further questioning.
Accordingly, as the information has been properly verified and alleges sufficient facts to support all of the elements of both charges, defendant’s motion to dismiss must be denied.
Defendant’s Sandoval application is respectfully referred to the Trial Judge.