■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WILCOX, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, following a jury verdict, convicting him of three counts of sodomy in the first degree, three counts of sexual abuse in the first degree, two counts of sodomy in the third degree, two counts of sexual abuse in the third degree, and five counts of endangering the welfare of a child. The charges arise out of defendant's sexual conduct with an 8-year old boy and a 15-year old boy in the City of Syracuse between November, 1989 and August, 1990.

Defendant contends that the trial court erred in permitting the two child witnesses to testify under oath. We disagree. Resolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate review (People v Parks, 41 NY2d 36, 46). "It is the Trial Judge who has the opportunity to view the witness, to observe manner, demeanor and presence of mind, and to undertake such inquiries as are effective to disclose the witness' capacity and intelligence" (People v Parks, supra, at 46). Here, the court conducted a voir dire examination of each child. A review of the voir dire examinations establishes that each child understood and appreciated the difference between truth and falsity, the consequences of telling a lie and the nature of an oath. Therefore, the trial court did not abuse its discretion in permitting the two child witnesses to testify under oath (see, People v Fernandez, 138 AD2d 733, 734; People v Boyd, 122 AD2d 273, 275; People v Bockeno, 107 AD2d 1051, 1052).

Viewing the circumstances of the case in totality, we conclude that defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147). Defense counsel made appropriate pretrial and trial motions which resulted in the dismissal of 9 of the 24 charges against defendant. In addition, counsel effectively cross-examined each of the prosecution witnesses. Defendant concedes that there are no specific provisions prohibiting the voir dire examination of a child witness in the presence of the jury. In our view, defendant's disagreement with trial counsel's unsuccessful strategies and trial tactics does not render the assistance of counsel ineffective.

We reject defendant's argument that the verdict was against the weight of the evidence. The testimony of the child

witnesses was found to be credible by the jury. Their testimony was supported, in part, by other evidence linking defendant to the child victims. According great deference to the fact-finder's opportunity to view the witnesses, hear their testimony and observe their demeanor, we find no basis to substitute our judgment for that of the jury *(see, People v Bleakley,* 69 NY2d 490, 495).

Finally, defendant's argument that the evidence was legally insufficient to convict him of count 5 (sexual abuse in the third degree) and count 7 (endangering the welfare of a child) is without merit. Defendant's argument is based upon the court's dismissal of count 6 of the indictment for insufficiency of the evidence before the Grand Jury. A review of the record, however, establishes that these counts are based upon different conduct. The court's finding that the evidence before the Grand Jury was insufficient to support count 6 is not inconsistent with its refusal to dismiss counts 5 and 7. When viewed in the light most favorable to the People *(People v Ford,* 66 NY2d 428), the evidence was legally sufficient to support defendant's conviction *(see, People v Bleakley, supra).* (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Davis, JJ.