■ In the Matter of JOSEPH C., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Demarest, J.), dated June 15, 1989, which, upon a fact-finding order of the same court, dated June 20, 1988, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of rape in the first degree, rape in the second degree, sexual abuse in the first degree (two counts), unlawful imprisonment, and menacing, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth, Title III, for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Family Court properly permitted the seven-year-old complainant to be sworn as a witness *(see,* CPL 60.20 [2]). A trial court's determination with respect to a witness's competency will not be disturbed upon review unless it was clearly erroneous *(see, Wheeler v United States,* 159 US 523, 525; *see also, People v Nisoff,* 36 NY2d 560; *People v Schultz,* 168 AD2d 468).

We find that the court's preliminary examination of the complainant was adequate to determine that she understood the nature of testifying under oath and was competent to be sworn as a witness *(see,* CPL 60.20 [2]; *People v Nisoff, supra; People v Boyd,* 122 AD2d 273, 275). When asked if she knew "what it means for something to be true," the complainant answered "That means to tell the truth and God will not punish you". When told an obvious lie by the court, the

complainant responded "That's not true". In addition, when viewed as a whole, the voir dire examination demonstrates that the complainant understood the moral and legal consequences of giving false testimony.

Under these circumstances, it is reasonable to conclude that the complainant understood the gravity of an oath and, accordingly, she was properly sworn as a witness (see, People v Hardie, 144 AD2d 484).

We have considered the appellant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.