■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOWARD, Appellant. [600 NYS2d 544] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of various counts of first degree rape, first degree sexual abuse, incest, and endangering the welfare of a child based on the jury's finding that he sexually abused his then ten-year-old and three-year-old granddaughters, in some instances in the presence of his then eight-year-old grandson. On appeal, defendant contends that the court erred in allowing the grandson and the eldest granddaughter, then ages ten and eleven, to testify under oath; that the verdict is against the weight of the evidence; that defendant was deprived of a fair trial by prosecutorial misconduct during summation; and that his sentence was excessive.

The court did not err in swearing the child witnesses. The voir dire conducted by the court demonstrated that they had the requisite intelligence and mental capacity and knew, understood and appreciated the nature of the oath *(see, People v Fernandez,* 138 AD2d 733, 734, *lv withdrawn* 72 NY2d 858; *People v Bockeno,* 107 AD2d 1051, 1052; *see also, People v Nisoff,* 36 NY2d 560, 566; *People v Green,* 181 AD2d 1041, *lv denied* 79 NY2d 1049; *People v Ranum,* 122 AD2d 959, 960-961; CPL 60.20 [2]).

The verdict is not against the weight of the evidence *(see,*

*People v Bleakley,* 69 NY2d 490, 495). The children's testimony is detailed and has the ring of truth. Further, defendant's wife clearly lied in denying that the children were present in the home after February 1990, and her testimony concerning the red pillows was contradicted by defendant's earliest statement to authorities.

Reversal is not required as a result of prosecutorial misconduct. The portions of the summation complained of by defendant were, for the most part, not improper, constituting either fair comment upon the evidence *(see, People v Ashwal,* 39 NY2d 105, 109-110) or fair response to defense counsel's summation *(see, People v Arce,* 42 NY2d 179, 190). To the extent that the prosecutor's remarks were improper, the errors either were not objected to, and thus not preserved for our review, or adequately cured by the court.

We have reviewed defendant's sentence and conclude that it is not excessive. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Rape, 1st Degree.) Present—Denman, P. J., Callahan, Boomer, Davis and Boehm, JJ.