■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO ARREDONDO, Appellant. [642 NYS2d 630] —Judgment, Supreme Court, New York County (Albert Williams, J.), rendered December 16, 1992, convicting defendant, after a jury trial, of sexual abuse in the first degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Since defendant challenged the prospective juror in question for cause only on the ground that the juror's sister had been the victim of sexual abuse, that part of his current claim in which he maintains that the trial court erred in failing to excuse the juror on the ground that his responses during voir dire demonstrated that he could not be impartial is unpreserved (CPL 470.05 [2]); and we decline to review it in the interest of justice. The trial court properly denied defendant's challenge for cause; the fact that the prospective juror's relative had been the victim of a crime similar to the one for which defendant stands accused did not require his removal, and the juror unequivocally stated that he would be able to be impartial (*People v Middleton*, 220 AD2d 202).

It was a proper exercise of discretion for the trial court to have denied defendant's request for disclosure of the psychological records of the complainant since he failed to sustain his burden of showing a factual predicate that the records could establish the unreliability of the victim or provide a motive to falsify (*People v Lussier*, 205 AD2d 910, 911, *lv denied* 83 NY2d 1005, *cert denied* 513 US 1078). Moreover, since the court conducted an *in camera* review of at least some of the records in question, its determination that the information contained therein was not material and relevant to the case should be accorded deference on appeal (*People v Gutkaiss*, 206 AD2d 584, *lv denied* 84 NY2d 936). We note that defense counsel was permitted to extensively question the victim and his grandmother about the victim's consultation with therapists (*People v Serrando*, 184 AD2d 1094, 1094-1095, *lv denied* 80 NY2d 837).

Defense counsel's general objection failed to preserve defendant's current contentions that the prosecution witness's testimony went into more detail about the incident than the prompt outcry exception to the hearsay rule permits (*People v Pace*, 145 AD2d 834, 836, *lv denied* 73 NY2d 894) and that testimony concerning subsequent telephone calls to authorities violated defendant's constitutional right to a fair trial (*People v Fleming*, 70 NY2d 947). In any event, no impermissible details of the incident were elicited (*People v McDaniel*, 81 NY2d 10, 17-18), and some detail was permissible since the victim was a young child, not fully able to communicate what occurred (*People v Aybinder*, 215 AD2d 181, *lv denied* 86 NY2d 840; *People v Pace, supra*, at 836-837). The witness's testimony as to her efforts to notify the proper authorities as to the incident constituted proper background information describing what led to defendant's arrest (*People v Jones*, 160 AD2d 333, *lv denied* 76 NY2d 790).

It was an appropriate exercise of discretion to deny defendant's request for a missing witness charge with respect to the uncle of the complainant since the fact that the complainant made a prompt outcry to him was not a disputed issue in the case (*People v Ortiz*, 83 NY2d 989) and defendant did not establish that the proposed testimony would contradict or add to the evidence already admitted at trial (*People v Almodovar*, 62 NY2d 126, 132-133).

The charge, as a whole, conveyed the appropriate legal principles with respect to the burden of proof and defendant's right not to testify, and thoroughly instructed the jury that the People are required to prove defendant's guilt beyond a reasonable doubt. In these circumstances, the court's use of "two inferences" and "speaks the truth" language does not warrant reversal (*People v Nunez*, 203 AD2d 190, *lv denied* 83 NY2d 970; *People v Brown*, 220 AD2d 250).

Contrary to the contention raised by defendant in his *pro se* supplemental brief, the prosecutor's summation constituted fair comment on the evidence adduced at trial. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.