■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SANDERS, Appellant. [656 NYS2d 255] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered January 5, 1995, convicting defendant, after a jury trial, of two counts of rape in the first degree, two counts of sodomy in the first degree, two counts of sexual abuse in the first degree, and three counts of endangering the welfare of a child, and sentencing him, as a second felony offender, to concurrent terms of 12$^1$/$_2$ to 25 years on the rape convictions, to be served consecutively to concurrent terms of 12$^1$/$_2$ to 25 years on the sodomy convictions, and also to be served consecutively to concurrent terms of 3$^1$/$_2$ to 7 years on the sexual abuse convictions, all such sentences running concurrently with concurrent prison sentences of 1 year on the endangering the welfare of a child convictions, unanimously affirmed.

The time frames set forth in the indictment were sufficiently narrow. The longest time period charged was a 3 month summer period, and in view of the tender age of the victim, the nature of the crime, the People's diligence, and all the surrounding circumstances, this period was not excessively broad (*see, People v Watt*, 84 NY2d 948; *People v Keindl*, 68 NY2d 410).

Defendant's general objection failed to preserve his various current challenges to the admissibility and scope of the prompt outcry testimony elicited with respect to one of the child victims (*see, People v Pace*, 145 AD2d 834, 836, *lv denied* 73 NY2d 894) and we decline to review them in the interest of justice. Were we to review them, we would find that, given the child's age, ability to communicate, and fear of defendant, the outcry evidence was properly admitted and did not contain excessive detail (*see, People v McDaniel*, 81 NY2d 10, 17-18; *People v Arredondo*, 226 AD2d 322, *lv denied* 88 NY2d 964).

The court properly exercised its discretion in permitting the People to reopen their direct examination of one of the child victims during redirect examination (*see, People v Melendez*, 55 NY2d 445, 451). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.