THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT PETERS, Appellant. [665 NYS2d 366] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), robbery in the first degree (Penal Law § 160.15 [1]) and two counts each of criminal use of a firearm in the first degree (Penal Law § 265.09) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), arising from robberies of the Bayberry Seafood Store on July 21, 1995 and the Salvation Army Thrift Store on August 26, 1995. Defendant failed to preserve for our review his contention that his conviction of attempted murder in the second degree is not supported by legally sufficient evidence (*see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant also failed to preserve for our review his contention that his convictions arising from the Bayberry Seafood Store robbery are not supported by legally sufficient evidence (*see, People v Gray, supra,* at 19), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant waived his claim of misjoinder under CPL 200.40 (1) by failing to raise it before trial (*see, People v Minor,* 49 AD2d 828). In any event, although we agree with defendant that the indictment did not comply with CPL 200.40 (1), defendant was not prejudiced by the misjoinder.

Defendant also failed to preserve for our review his contention that County Court bolstered the testimony of a child witness. In any event, the court did not bolster the child's testimony by allowing the voir dire to be conducted in the jury's presence (*see, People v Wilcox,* 185 AD2d 676, *lv denied* 80 NY2d 977; *People v Gallow,* 171 AD2d 1061, 1062, *lv denied* 77 NY2d 995). Further, we reject the contention of defendant that the court improperly limited defense counsel's examination of the child.

We reject the contentions of defendant that he was deprived of effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 146-147), that he was deprived of a fair trial by the cumulative effect of errors committed by the court, and that he was deprived of his right to be present at all material stages of his trial by his absence from sidebar discussions with two prospective jurors (*see, People v Maher,* 89 NY2d 318; *People v Roman,* 88 NY2d 18, *rearg denied* 88 NY2d 920).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Pine, Doerr, Balio and Fallon, JJ.