■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD PETERS, Appellant. [671 NYS2d 387] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of robbery in the first degree (Penal Law § 160.15 [1], [2]), two counts of criminal use of a firearm in the first degree (Penal Law § 265.09), three counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), burglary in the second degree (Penal Law § 140.25 [2]), and grand larceny in the third degree (Penal Law § 155.35). The conviction arises from robberies on July 21, 1995 and August 26, 1995 and a burglary on July 19, 1995.

Defendant failed to preserve for our review his contentions that the conviction of attempted murder in the second degree and the convictions arising from the July robbery are not supported by legally sufficient evidence (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

Defendant waived his claim of misjoinder under CPL 200.40 (1) by failing to raise it before trial (*see, People v Peters,* 242 AD2d 930; *People v Minor,* 49 AD2d 828). In any event, although we agree with defendant that the indictment did not comply with CPL 200.40 (1), defendant was not prejudiced by the misjoinder (*see, People v Peters, supra*).

Defendant failed to preserve for our review his contention that County Court bolstered the testimony of a child witness. In any event, that contention lacks merit (*see, People v Peters, supra*). Further, we reject defendant's contention that the court improperly restricted defense counsel's cross-examination of the child (*see, People v Peters, supra*).

We reject the contentions of defendant that he was deprived of effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 146-147), that he was deprived of a fair trial by the cumulative effect of errors committed by the court and that he was deprived of his right to be present at all material stages of his trial by his absence from sidebar discussions with two prospective jurors (*see, People v Peters, supra*). We reject the further contention of defendant that the preservation requirement of the Criminal Procedure Law is unconstitutional. The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Balio and Boehm, JJ.