■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. MAYES, Appellant. [702 NYS2d 726] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]). We reject defendant's contention that County Court's preliminary examination of the eight-year-old victim pursuant to CPL 60.20 (2), outside the presence of the jury, violated defendant's Federal right to confrontation. Whether a child witness is competent to testify under oath is a legal determination for the court that does not involve the jury (*see, People v Morales,* 80 NY2d 450, 453-454; *People v Wilcox,* 185 AD2d 676, *lv denied*

80 NY2d 977; *see also, People v Peters,* 242 AD2d 930, *lv denied* 91 NY2d 896) or implicate a defendant's Federal Confrontation Clause rights *(see, Kentucky v Stincer,* 482 US 730, 744; *People v Morales, supra,* at 453-454).

Upon our review of the record, we conclude that the evidence is legally sufficient to support the conviction *(see, People v Bockeno,* 124 AD2d 1008, *lv denied* 69 NY2d 744). The People introduced evidence on both counts that defendant touched the victim's genital area for the purpose of sexual gratification *(see,* Penal Law § 130.00 [3]; § 130.65 [3]; *People v Anthony D.,* 259 AD2d 1011, *lv denied* 93 NY2d 1001; *People v Bockeno, supra).* The court's charge did not limit the People to proving that defendant touched the victim's vagina according to the anatomically correct definition of the word. Because defendant was convicted upon legally sufficient evidence, review of his contention that the evidence before the Grand Jury was insufficient to sustain the indictment is barred *(see,* CPL 210.30 [6]; *People v Wiggins,* 89 NY2d 872, 874). We also reject defendant's contention that the verdict is contrary to the weight of the evidence *(see, People v Wilcox, supra).*

The court did not err by refusing defendant's request to charge sexual abuse in the second degree (Penal Law § 130.60 [2]) and sexual abuse in the third degree (Penal Law § 130.55) as lesser included offenses of sexual abuse in the first degree (Penal Law § 130.65 [3]). "[I]t was not possible for the jury to find 'that the defendant committed such lesser offense[s] * * * but did not commit the greater' " *(People v Blackwell,* 177 AD2d 952, 953, *lv denied* 79 NY2d 853, quoting CPL 300.50 [1]). Defendant's remaining contentions are unpreserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.