*516 In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Pearce, J.), dated September 5, 2001, which, upon a fact-finding order of the same court dated April 26, 2001, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sodomy in the first degree, adjudged him to be a juvenile delinquent and placed him under the supervision of the Probation Department of Kings County for a period of 12 months. The appeal brings up for review the fact-finding order dated April 26, 2001.
Ordered that the order of disposition is affirmed, without costs or disbursements.
The trial court providently exercised its discretion in allowing the eight-year-old complainant to testify as a sworn witness, as she understood the difference between truth and falsity, the legal and moral consequences of lying, and the importance of telling the truth at the proceeding (see Matter of James B., 262 AD2d 480 [1999]; Matter of Joseph C., 185 AD2d 883 [1992]; cf. CPL 60.20 [2]). Furthermore, a trial court’s determination with respect to a witness’s competency will not be disturbed unless clearly erroneous (see People v Nisoff, 36 NY2d 560 [1975]; Matter of Joseph C., supra; People v Schultz, 168 AD2d 468 [1990]).
Viewing the evidence in the light most favorable to the presentment agency (see Matter of Darnell S., 300 AD2d 666 [2002]; cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see Matter of Stevenson J., 306 AD2d 412 [2003]; cf. People v Gaimari, 176 NY 84 [1903]). Its determination should not be disturbed unless clearly unsupported by the record (cf. People v Garafolo, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (cf. CPL 470.15 [5]). Santucci, J.P, Krausman, Townes and Cozier, JJ., concur.