THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL NUNEZ, Appellant. [780 NYS2d 175]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered February 22, 2001, convicting him of sodomy in the second degree, sexual abuse in the second degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court erred in

excluding evidence with respect to a prior unrelated rape of one of the victims is without merit. The proffered evidence had no probative value (*see People v Gagnon,* 150 AD2d 918 [1989], *affd* 75 NY2d 736 [1989]; *People v Boyd,* 122 AD2d 273 [1986]), and its exclusion was consistent with the legislative intent of "barring harassment of victims of sexual crimes concerning irrelevant issues and of safeguarding the jury from confusing and prejudicial matters which have no proper bearing on the issue of the guilt or innocence of the accused" (*People v Boyd, supra* at 275; *see* CPL 60.42).

Although the branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials should have been granted on the ground that he unequivocally invoked his right to remain silent after being advised of his constitutional rights (*see Miranda v Arizona,* 384 US 436, 473-474 [1966]; *People v Brunner,* 209 AD2d 532 [1994]), the error was harmless in view of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230 [1975]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.