Matter of Edwin B. (2024 NY Slip Op 00421)

Matter of Edwin B.

2024 NY Slip Op 00421

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-01512
 (Docket No. E-730-22)

[*1]In the Matter of Edwin B. (Anonymous), appellant. 

Keith G. Ingber, Thompson Ridge, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Justin R. Adin and Alida L. Marcos of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Edwin B. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Rachel Hahn, J.), dated December 7, 2022. The order of fact-finding and disposition, insofar as appealed from, after a fact-finding hearing, found that Edwin B. committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree and forcible touching, and adjudicated him a juvenile delinquent.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree (Penal Law § 130.65[3]) and forcible touching (id. § 130.52[1]). Contrary to the appellant's contention, the Family Court providently exercised its discretion in determining that the then eight-year-old complainant was competent to give sworn testimony. A court's determination with respect to a witness's competency will not be disturbed upon review unless it was clearly erroneous (see Wheeler v United States, 159 US 523, 525; Matter of Joseph C., 185 AD2d 883). The examination of the complainant revealed that he knew the difference between telling the truth and telling a lie, promised to tell the truth, and indicated that he would be punished if he lied (see CPL 60.20[2]; People v Nisoff, 36 NY2d 560, 566; People v Ramos, 164 AD3d 1267, 1268).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see Matter of Ernest S.C., 196 AD3d 565). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree and forcible touching was not against the weight of the evidence.
The appellant's remaining contention is without merit.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court